## (July 8, 1965)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LAWTON GAVIN, SR., Appellant.— REYNOLDS, J. Appeal from a judgment of conviction of the County Court, Ulster County, entered on a jury verdict finding the appellant guilty of the crimes of assault, second degree (Penal Law, § 242, subd. 5), and assault, third degree (Penal Law, § 244, subd. 1). Appellant has been convicted of assaulting a police officer engaged in the process of lawfully apprehending him. He asserts here that his conviction is against the weight of the evidence and that the requisite criminal intent was not established. We cannot agree. The case was submitted to the jury with a proper charge as to the burden on the People to prove both the commission of the assault and the existence of the necessary general and specific criminal intents involved in the crime charged. Under subdivision 5 of section 242 there need not be established an intent to inflict grievous bodily harm (cf. subds. 3, 4; *People* v. *Katz*, 290 N. Y. 361), just an intent to prevent "lawful" arrest. The question of lawfulness of the arrest was properly presented to the jury and is not raised here (cf. *People* v. *Vest*, 11 A D 2d 1080). We thus find no reason to disturb the jury's verdict. Judgment affirmed. Gibson, P. J., Taylor, Aulisi and Hamm, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BRUCE W. CHAMBERS, Appellant.— AULISI, J. Appeal from a judgment of conviction of the County Court of the County of St. Lawrence entered March 1, 1963, on a jury verdict finding the defendant guilty of the crimes of burglary in the third degree (Penal Law, § 404), petit larceny (Penal Law, § 1298) and malicious injury to property (Penal Law, § 1433). The defendant attacks the conviction upon the grounds (1) that he was denied due process when his case was passed and went over the October 1962 Term while he was not present in court; (2) that he was denied a speedy trial; (3) that the court committed error in admitting into evidenc a statement alleged to be his confession together with the testimony of police officers who interrogated him; (4) that the verdict of the jury is against the weight of evidence; and (5) that the sentence imposed is excessive and should be reduced. We withheld determination of the appeal, remitted the case to the trial court (22 A D 2d 490) for further proceedings consistent with the decision in *People* v. *Huntley* (15 N Y 2d 72) and concluded that under the circumstances the defendant was not prejudiced by not being present in court at the October 1962 Term, nor that he was denied a speedy trial. Upon an examination of the entire record and the findings and conclusions of the trial court as to the voluntariness of the confession which is now before us, we find that the record here contains ample evidence to sustain the verdict of the jury and we see no reason to disturb it. The defendant had a fair trial, the case was submitted to the jury upon a clear and comprehensive charge and the sentence is not excessive. Judgment affirmed. Gibson, P. J., Herlihy, Taylor and Hamm, JJ., concur.