Liston F. Coon, J.
Defendant was indicted for the crime of assault in the second degree in violation of subdivision 3 of section 120.05 of the revised Penal Law, commonly referred to as an assault upon a peace officer. A jury trial was waived, *826 and the evidence was presented before the writer sitting as trier of both facts and the law.
The evidence has established beyond a reasonable doubt the following:
On the 8th day of November, 1968, defendant was sentenced to a term of confinement, following his conviction on an unrelated charge, in Chemung County Court. He was remanded to the custody of the Chemung County Sheriff and directed to be returned to the county jail, located in another building and across the courtyard from the courthouse.
While being escorted to the jail by a Deputy Sheriff, and not under restraint, defendant broke and ran. Simultaneously the deputy lunged for the defendant; both slipped and fell and defendant’s heels came up and struck the deputy, resulting in physical injury to the latter. In the melee the defendant fled. (He was also indicted for the escape, but that count was severed for the purpose of this trial.)
Section 120.05 of the Penal Law provides that a person is guilty of assault in the second degree when: “ 3. Within intent to prevent a peace officer from performing a lawful duty, he causes physical injury to such peace officer ”.
• The crucial question to be decided here on the issue of guilt is whether, under the revised Penal Law, there need be proof of intent to commit the assault. Coneededly there was none established at the trial.
Defendant relies upon People v. Katz (290 N. Y. 361) for the proposition that a conviction for second degree assault requires that there be specific intent to commit the physical injury. Although that case did not involve a police officer under subdivision 5 of section 242 of the former Penal Law, it is defendant’s contention that specific intent is required.
On the other hand a conviction under subdivision 5 of section 242 of the former Penal Law has been sustained on the basis that the only requirement is that there be an intent to prevent a lawful apprehension or detention of the defendant by a police officer. (People v. Gavin, 24 A D 2d 656.)
However, we are dealing here with the construction of subdivision 3 of section 120.05 of the revised Penal Law. In the court’s opinion, the only required intent is that the defendant intend to prevent a peace officer from performing a lawful duty. The further element that he causes physical injury requires no intent. The test is not the means used but the causing of physical injury (See 1 Marks and Paperno, Criminal Law in New York Under the Revised Penal Law, § 221).
*827 Of further significance is that in subdivisions 1 and 2 of section 120.05, the phrase “ intent to cause ” is used with respect to those other than peace officers.
The absence of a requirement that there be an intent to commit an assault upon a peace officer in these situations would not appear to be a legislative oversight. There has been in this decade a marked increase in assaultive acts and abuse directed at peace officers, lack of respect for authority and incidents directed at impeding these public servants in performing their duties. To deter such' reprehensible acts, the Legislature has understandably seen fit to place assaults upon peace officers in a separate class where proof of intent to injure is not required.
The proof in this case sufficiently establishes that defendant intended to prevent the Deputy Sheriff from performing a lawful duty by seeking to escape from custody. In effectuating his flight, he caused the officer to sustain a physical injury as defined by subdivision 9 of section 10.00 of the Penal Law.
It is the verdict of the court that the defendant is guilty of assault in the second degree.