Jones, J.
We hold that if there is to be an amendment of an accusatory instrument within the scope of CPL 100.45 (subd 3), there must be strict compliance with the prescriptions of that section.
Defendant was charged in a felony complaint with reckless endangerment in the first degree, menacing, harassment, and possession of a weapon. Following a preliminary hearing the People moved to reduce the reckless endangerment charge from first to second degree and further moved that the weapons charge be tried as a misdemeanor. The felony complaint was accordingly converted to an information, but no alterations or revisions were made in either the accusatory or the factual part of the instrument. Prior to the commencement of trial the District Attorney additionally moved to withdraw the charges of reckless endangerment and possession of a weapon, thus leaving only the charges of menacing and harassment. As there then remained no charges above the grade of B misdemeanor, defendant, who had previously requested a jury trial, proceeded to trial before the Judge.
The original charge of reckless endangerment had been predicated on allegations that defendant had pointed an automatic pistol at police officers Goveia and Cresswell, while the menacing and harassment charges in the information were based on acts allegedly directed against one Joyce Gordon.
After the conclusion of the testimony, the Trial Judge stated his belief that in addition to the menacing count involving Joyce Gordon which had been set forth in the information, two additional counts of menacing involving the *99 two police officers had also been at issue. Read in the light most favorable to the People, the record discloses references to an early colloquy at an off-the-record conference in which there had then been "a stipulation at the bench” by which it was agreed in effect that the information would be amended to include two additional counts of menacing, one against each of the two police officers. In any event, the record supports the conclusion that defense counsel then (i.e., after the close of testimony) stipulated to such an amendment of the information. Defendant was then convicted of the two menacing counts against the police officers and acquitted of all other counts.
We agree with the contention now made by defendant’s counsel that there was here no effective amendment of the information to include the menacing counts against the police officers. Because the trial court accordingly lacked subject matter jurisdiction over the crimes of which defendant was convicted, such convictions must be set aside.
A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution (People v McGuire, 5 NY2d 523, 527; People v Scott, 3 NY2d 148, 152).
The procedures available for the amendment of an information in situations such as this are specified in CPL 100.45 (subd 3) which provides: "At any time before the entry of a plea of guilty to or the commencement of a trial of an information, the court may, upon application of the people and with notice to the defendant and opportunity to be heard, order the amendment of the accusatory part of such information by addition of a count charging an offense supported by the allegations of the factual part of such information and/or any supporting depositions which may accompany it. In such case, the defendant must be accorded any reasonable adjournment necessitated by the amendment.” We hold that amendment of an accusatory instrument within the scope of CPL 100.45 (subd 3) can be effectively accomplished only by compliance with the requirements of that subdivision.
In the present case there was a trial rather than the entry of a plea. The prosecutor urges that the two menacing counts involving the police officers were "supported by the allegations of the factual part of [the] information”. If we accept this conclusion as an assumption (without necessarily so deciding), the court could have ordered an amendment of the informa *100 tion to add the two supplemental menacing counts only before the commencement of the trial and then only on according defendant the procedural protections specified in the statute. The record here fails to disclose any amendment prior to the commencement of the trial. A stipulation of counsel entered into the record after the commencement of the trial, however explicit, even as to the fact of an earlier off-the-record colloquy, falls short of the statutory prescription.
The order of the Appellate Term should be reversed, the judgment of conviction vacated, and the information dismissed.
Chief Judge Breitel and Judges Jasen, Gabrielli, Wachtler, Fuchsberg and Cooke concur.
Order reversed, etc.