■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRADLEY D. GLADE, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County, rendered March 29, 1978, convicting him of attempted assault in the second degree, upon his plea of guilty, and imposing sentence. Case remanded to the County Court for a hearing to be held in accordance with the following memorandum, and appeal held in abeyance in the interim. Defendant was arrested and arraigned on a felony complaint in the District Court, Nassau County, on December 1, 1976. On February 15, 1978 he entered a guilty plea in the Nassau County Court in satisfaction of an indictment dated May 23, 1977, which superseded the District Court felony complaint. Prior to entering this plea the County Court denied a motion to dismiss upon the ground that the defendant was denied a speedy trial. The delay of 1 year, 2 months and 14 days between the arraignment in District Court and the entry of the guilty plea requires a dismissal unless sufficient time is excludable to shorten the period of delay chargeable to the People (see CPL 30.30, subd 4; *People v Hamilton,* 46 NY2d 932). Here, an excludable period because of an intervening indictment and trial on another charge serves to divide the delay between the District Court arraignment

and the County Court plea into two distinct periods, one while the matter was pending in the District Court between the arraignment (December 1, 1976) and the indictment (May 23, 1977) and the other while the matter was pending in the County Court after the trial of the other indictment. The total of these two periods of delay exceeds six months, unless sufficient time is excludable. It cannot be ascertained from the record and the court's decision denying the defendant's motion to dismiss the indictment the precise periods to which an exclusion pursuant to CPL 30.30 (subd 4) has been applied so as to reach the determination that the six-month speedy trial time limitation set forth in CPL 30.30 has not been violated. Furthermore, there was a 57-day period of delay in the County Court, between November 7, 1977 and February 15, 1978, which the People claim was caused by the inability of the court to schedule the case. It cannot be determined on this record where the responsibility for this delay must ultimately rest (cf. *People v Johnson*, 38 NY2d 271, 279). A hearing is therefore required with specific findings of exclusion or nonexclusion being made as to each period of alleged delay. Hopkins, J. P., Suozzi, Cohalan and Margett, JJ., concur.