*698 OPINION OF THE COURT
Jasen, J.
Defendants, former public officers of the Town of Hemp-stead, were indicted and convicted of violating subdivision 3 of section 107 of the Civil Service Law, which essentially prohibits public officers and employees from utilizing their authority or influence to induce payment of political assessments by other public officers or employees. The Appellate Term reversed defendants’ convictions, on the law, and dismissed the indictments, concluding that the indictments did not state a crime under subdivision 3 of section 107. The People now appeal pursuant to leave granted by a Judge of this court.
Subdivision 3 of section 107 of the Civil Service Law provides: "Political assessments. No officer or employee of the state or any civil division thereof shall, directly or indirectly, use his authority or official influence to compel or induce any other officer or employee of the state or any civil division thereof, to pay or promise to pay any political assessment, subscription or contribution. Every officer or employee who may have charge or control in any building, office or room occupied for any governmental purpose is hereby authorized to prohibit the entry of any person, and he shall not knowingly permit any person to enter the same for the purpose of making, collecting, receiving or giving notice therein, of any political assessment, subscription or contribution; and no person shall enter or remain in any such office, building or room, or send or direct any letter or other writing thereto, for the purpose of giving notice of, demanding or collecting a political assessment; nor shall any person therein give notice of, demand, collect or receive any such assessment, subscription or contribution. No person shall prepare or take any part in preparing any political assessment, subscription or contribution with the intent that the same shall be sent or presented to or collected of any officer or employee subject to the provisions of this chapter, and no person shall knowingly send or present any political assessment, subscription or contribution to or request its payment of any said officer or employee. Any person violating any provision of this subdivision shall be guilty of a misdemeanor.”
The indictments at issue charged that defendants Phears, Half and Landman, the Commissioners of Water, Highways and Sanitation of the Town of Hempstead, respectively, did at various times "within a building occupied for a *699 governmental purpose give notice to certain of [their] subordinates who were then employees subject to the provisions of the Civil Service Law of the State of New York that political assessments, subscriptions and contributions were to be received and collected by such subordinates on behalf of a political organization.” Construing these indictments as charging defendants merely with "advising” their subordinates that they would be receiving, and collecting political assessments, subscriptions or contributions, the Appellate Term concluded that the indictments failed to state a crime because, in its view, subdivision 3 of section 107 did not prohibit such conduct but, rather, prohibited only the giving of notice of a political assessment or the demanding, collecting or receiving of any political assessment. On this ground alone the Appellate Term reversed defendants’ convictions and dismissed the indictments. We similarly address only this question. There should be a reversal.
 It is well-settled law that an indictment must charge all of the legally material elements of the crime charged and allege that the defendant committed the acts which comprise those elements. (People v Iannone, 45 NY2d 589, 594; People v Corbalis, 178 NY 516, 520-521.) Inherent in this requirement is the principle that no act or omission constitutes a crime except as prescribed by statute. (People v Knapp, 206 NY 373, 380.) Contrary to the conclusion reached by the Appellate Term, we believe that subdivision 3 of section 107 of the Civil Service Law prohibits the conduct charged in the instant indictments.
Specifically, this section provides that no person in any office, building or room occupied for any governmental purpose shall "give notice of, demand, collect or receive any [political] assessment, subscription or contribution.” Interpreting these words as commonly understood, we believe a notice given by a public officer to his subordinates that they are to collect and receive political assessments, subscriptions or contributions on behalf of a political organization falls within this proscription. By "advising” their subordinates of this fact, defendants gave notice of a political assessment within the meaning of this section. Nothing in subdivision 3 of section 107 limits its prohibition to the giving of notice of a political assessment to the ultimate target of the assessment, and we see no legitimate reason for implying such a restrictive gloss.
Accordingly, the orders of the Appellate Term should be *700 reversed and the cases remitted to the Appellate Division, Second Department, for a review of the facts and questions of law not previously considered.