■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN DOE, Appellant.—Order of the Supreme Court, Westchester County, dated January 16, 1980, and modified by a further order of the same court dated January 23, 1980, which denied, in part, appellant's motion to quash a subpoena duces tecum, affirmed, with one bill of $50 costs and disbursements. No opinion. Appellant's time to comply with the subpoena is extended until 10 days after service upon it of a copy of the order to be made hereon, together with notice of entry thereof. Damiani, J. P., Lazer, Gibbons and Martuscello, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRADLEY D. GLADE, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County, rendered March 29, 1978, convicting him of attempted assault in the second degree, upon his plea of guilty, and imposing sentence. By order dated May 14, 1979, the case was remitted to the County Court, Nassau County, for a hearing as to the excludable period of delay (CPL 30.30) with respect to defendant's motion to dismiss the indictment for failure to prosecute (People v Glade, 70 AD2d 624). The County Court has complied. Judgment reversed, on the law and the facts, motion granted, indictment dismissed and case remitted to the County Court, Nassau County, for the entry of an order, in its discretion, pursuant to CPL 160.50. Our review of the record and the hearing on remand persuades us that there were insufficient segments of excludable delay in the protracted period between arrest and arraignment on the felony complaint in the District Court on December 1, 1976 and the entry of a guilty plea in the County Court on February 15, 1978 to avoid the proscription of the statute (CPL 30.30). Hopkins, J. P., Damiani, Cohalan and Margett, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD HAFF, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM LANDMAN, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM PHEARS, Appellant.—Appeals by defendants Landman and Haff from two judgments (one as to each of them) of the County Court, Nassau County, both rendered June 2, 1977, convicting each of them of a violation of subdivision 3 of section 107 of the Civil Service Law, after a nonjury trial, and imposing sentences. Defendant Phears appeals from a judgment of the same court, rendered November 15, 1977, convicting him of a violation of the same statute, upon his guilty plea, and imposing sentence. By orders dated March 21, 1978, the Appellate Term, Ninth and Tenth Judicial Districts, reversed the judgments, on the law, and dismissed the indictments. On July 10, 1979 the Court of Appeals reversed the orders of the Appellate Term and remitted the cases to this court "for a review of the facts and questions of law not previously considered" (People v Haff, 47 NY2d 695, 700). Judgments affirmed. No opinion. The cases are remitted to the County Court, Nassau County, for further proceedings so that execution of the judgments may be commenced or resumed. Rabin, J. P., Cohalan, Martuscello and Weinstein, JJ., concur.