THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES GRAY, Appellant, v ERDOGAN TEKBEN, as Director, Mid-Hudson Psychiatric Institute, Respondent.

Second Department, April 19, 1982

APPEARANCES OF COUNSEL

*Malvina Nathanson* and *Caesar D. Cirigliano* for appellant.

*Mario Merola, District Attorney* (*Alan D. Marrus* of counsel), for respondent.

**OPINION OF THE COURT**

DAMIANI, J. P.

The petitioner was indicted by the Grand Jury of Bronx County for assault in the second degree under subdivision 3 of section 120.05 of the Penal Law in that on September 8, 1980, with intent to prevent a peace officer from performing a lawful duty, he caused physical injury to Corrections Officer David Rivera. Thereafter petitioner served a

notice upon the District Attorney of The Bronx indicating his intention to offer psychiatric evidence at his trial and stating further that: "It is not the intention of the defense that said psychiatric evidence be offered to raise the defense of lack of criminal responsibility by reason of mental disease or defect. Rather psychiatric evidence will be offered at trial to negate guilt of the crime charged in this indictment."

Trial was held in the Supreme Court, Bronx County, before Judge CIPARICK without a jury. After both sides rested the court announced its intention of considering the crime of assault in the third degree under subdivision 1 of section 120.00 of the Penal Law as a lesser included offense. Petitioner did not object. The court then rendered a verdict of acquittal of assault in the second degree and rendered a verdict of not responsible for the crime of assault in the third degree by reason of mental disease or defect. The court ordered that petitioner be examined by psychiatrists pursuant to CPL 330.20 to determine whether he had a dangerous mental disorder or was mentally ill.

While confined for the purpose of psychiatric examination, petitioner moved pursuant to CPL 330.30 to set aside the verdict of not responsible by reason of mental disease or defect, claiming that assault in the third degree under subdivision 1 of section 120.00 of the Penal Law was not a lesser included count of assault in the second degree under subdivision 3 of section 120.05, and that the court did not have the right to interpose the defense of insanity on its own motion. On July 29, 1981, Judge CIPARICK denied the motion, holding, *inter alia,* (1) that the petitioner's own psychiatric evidence established that he was suffering from undifferentiated schizophrenia and was insane at the time he committed the crime and (2) that simple assault under subdivision 1 of section 120.00 was a lesser included offense of assault in the second degree under subdivision 3 of section 120.05 of the Penal Law. Following a hearing, the court found petitioner to be suffering from a dangerous mental disorder and ordered that he be committed to the custody of the State Commissioner of Mental Health pursuant to CPL 330.20 (subd 6).

Petitioner was sent to the Mid-Hudson Psychiatric Institute and on August 21, 1981 he commenced the instant habeas corpus proceeding against Erdogan Tekben, the director thereof, returnable in the Supreme Court, Orange County. He contended that his detention was illegal because the court lacked the power to (1) enter a verdict on the charge of assault in the third degree which is not a lesser included offense of assault in the second degree and (2) enter a verdict of not responsible by reason of mental disease or defect on its own motion and without his consent.

On September 22, 1981, Justice ISSEKS denied the writ. Petitioner has appealed.

The indictment in the underlying criminal action charged petitioner with assault in the second degree under subdivision 3 of section 120.05 of the Penal Law which states:

"§ 120.05 Assault in the second degree

"A person is guilty of assault in the second degree when * * *

"3. With intent to prevent a peace officer * * * from performing a lawful duty, he causes physical injury to such peace officer".

Under that section, the only intent required to be proved was that petitioner acted with the intent to prevent a peace officer from performing a lawful duty. Proof of intent to cause physical injury was not required (see *People v Wheeler,* 59 Misc 2d 825, 826, affd 36 AD2d 549; *People v Gavin,* 24 AD2d 656; see, also, model charge in 2 Criminal Jury Instructions [New York], pp 107-111). The crime is thus one of strict liability as far as the injury is concerned. Even if the petitioner caused the injury to the officer accidentally, he was guilty of assault in the second degree if the accident happened while he intentionally acted to prevent the performance of the officer's duty.

Judge CIPARICK considered assault in the third degree under subdivision 1 of section 120.00 of the Penal Law, believing it to be a lesser included offense of the crime for which petitioner was indicted. That section states:

"§ 120.00 Assault in the third degree

"A person is guilty of assault in the third degree when:

"1. With intent to cause physical injury to another person, he causes such injury to such person or to a third person".

Assault in the third degree under subdivision 1 of section 120.00 of the Penal Law is not a lesser included offense of assault in the second degree under subdivision 3 of section 120.05 of the Penal Law because it is possible to commit the latter without possessing the intent to injure which is the gravamen of simple assault (see CPL 1.20, subd 37).

A criminal court acquires subject matter jurisdiction of the trial of a criminal action by the filing of an accusatory instrument (CPL 100.05, 10.20, 10.30). "A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution" (*People v Harper,* 37 NY2d 96, 99; see, also, *People v McGuire,* 5 NY2d 523, 527; *People v Scott,* 3 NY2d 148, 152). In the underlying criminal case, the Supreme Court, Bronx County, obtained jurisdiction with the filing of an indictment charging defendant with the crime of assault in the second degree. That indictment only conferred jurisdiction to render judgment on the charged crime or lesser included offenses thereof (CPL 1.20, subd 37; 300.30, 300.40, 320.20, subd 5 [last sentence]).

Judge CIPARICK rendered a verdict of acquittal of the crime for which defendant was indicted. She found petitioner not responsible by reason of mental disease or defect of a crime for which he had not been indicted and which was not a lesser included offense. She was without jurisdiction to render any verdict whatever on that latter charge (see *People v Strawder,* 78 AD2d 810).

The respondent on this appeal, citing CPL 300.50, argues that petitioner waived objection to consideration of assault in the third degree by failing to object when Judge CIPARICK announced that she would do so. We construe the waiver provision contained in that section to apply to the sentence which immediately precedes it and to refer only to error by the court in submitting a lesser included offense which is not supported by legally sufficient trial evidence.

It does not apply to the improper submission of noninclusory offenses since subject matter jurisdiction of the court may not be waived by the accused (see *People v Nicometi,* 12 NY2d 428, 430-431; *People v Scott,* 3 NY2d 148, 153, *supra; People v Harper,* 37 NY2d 96, *supra*).

This habeas corpus proceeding was brought to test the lawfulness of the petitioner's detention. That detention is premised upon the verdict of not responsible by reason of mental disease or defect rendered by the trial court in excess of its subject matter jurisdiction and upon its finding at a subsequent competence hearing that petitioner suffers from a dangerous mental disorder (see CPL 330.20, subd 6). We conclude that since petitioner's detention pursuant to the Criminal Procedure Law is based upon a jurisdictionally invalid verdict, it is unlawful and, accordingly, the judgment appealed from should be reversed and the writ sustained. We do not, however, wish to be understood as favoring petitioner's release if he is actually mentally disturbed and dangerous to the community. The present cause of his detention is unlawful, but our reversal and sustaining of the writ is without prejudice to appropriate proceedings to involuntarily commit petitioner to a mental institution pursuant to the provisions of article 9 or 15 of the Mental Hygiene Law.

In view of our determination of the jurisdictional issue, it is unnecessary for us to decide petitioner's other contention, involving whether our law recognizes the so-called defense of "diminished capacity"* and whether the trial court erred in rejecting that defense and, on its own motion, considering the full blown defense of lack of responsibility by reason of mental disease or defect.

---

* Compare the recommendation of the Department of Mental Hygiene that the insanity defense be abolished and replaced by the diminished capacity defense (The Insanity Defense in New York, Report to the Governor by the New York State Department of Mental Hygiene, 1978), the counter proposal of the Law Revision Commission that the insanity defense be retained but that the diminished capacity defense be formally adopted by statute and added to our own law as a recognized defense short of full legal insanity (1981 Report of NY Law Rev Comm, pp 43-151), and the Legislature's rejection of the proposed codification of the diminished capacity defense in the Insanity Defense Reform Act of 1980 (L 1980, ch 548; see Halpern, Rachlin & Portnow, New York's Insanity Defense Reform Act of 1980: A Forensic Psychiatric Perspective, 45 Albany L Rev 661, 664, n 15 and accompanying text), with *People v Segal* (54 NY2d 58).

TITONE, LAZER and GIBBONS, JJ., concur.

Judgment of the Supreme Court, Orange County, dated September 22, 1981, reversed, on the law, without costs or disbursements, petition granted and writ sustained, without prejudice to the institution of proceedings, if necessary, pursuant to the provisions of article 9 or 15 of the Mental Hygiene Law, to involuntarily commit petitioner to a mental institution.