OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed and the indictment dismissed, without prejudice, however, to an application by the People, if they be so advised, for leave to resubmit the charge of criminal usury in the second degree (People v Mayo, 48 NY2d 245, 253).
Defendant argues that he was denied due process because the prosecutor (1) concealed the fact that Ralph Porpora, an employee of defendant, had denied in testimony before the Grand Jury ever receiving from the com *783 plaining witness any money or envelope for transmittal to defendant, and (2) sought, unsuccessfully, to assist the complaining witness in efforts to obtain a small business loan and (3) because the denial of his motion for particulars of the one count indictment for criminal usury in the first degree deprived him of adequate notice and of a fair trial.
The first argument need not be considered in view of the conclusion hereafter reached that there must be a new trial. The second contention is without merit. Assistance by the prosecutor to a complaining witness may affect his credibility but does not render him incompetent to testify. Defendant’s objection to the question which would have informed the jury of the prosecutor’s offer and efforts to assist the complaining witness having kept that information from the jury, there has been no violation of defendant’s rights.
Defendant’s third contention is, however, well taken. The indictment was for first degree criminal usury, which differs from second degree in that “the actor’s conduct was part of a scheme or business of making or collecting usurious loans” (compare Penal Law, § 190.40, with Penal Law, § 190.42). Even if the indictment be deemed sufficiently to particularize the one loan made to Frank Starace which the People sought to prove at trial, defendant was entitled to particulars as to the “scheme or business” allegation in order to know what he would be called upon to defend against (People v Iannone, 45 NY2d 589). Somewhat disingenuously in view of the difference between defending a single usurious transaction and defending against the broader charge of loansharking, and of the prosecutor’s references to the broader charge though he had to be aware that it could not be proved, the People argue that defendant was not prejudiced because only the second degree offense was charged to the jury as a lesser included offense. The argument answers itself. No more availing is the People’s suggestion that defendant was not entitled to particulars because his motion did not allege that he could not “adequately prepare or conduct his defense without [such] information” (former CPL 200.90, subd 2; now CPL 200.95, subd 1, par [b]). No such argument was made in *784 opposing the application, nor did the motion Judge deny the request for particulars on any such ground.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer and Simons concur in memorandum.
Order reversed and the indictment dismissed, without prejudice to an application by the People, if they be so advised, for leave to resubmit the charge of criminal usury in the second degree.