THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KIM B. LEE, Appellant.

First Department, April 10, 1984

APPEARANCES OF COUNSEL

*Elaine Unkeless* of counsel (*William E. Hellerstein*, attorney), for appellant.

*Susan Corkery* of counsel (*Mark Dwyer* with her on the brief; *Robert M. Morgenthau, District Attorney*, attorney), for respondent.

**OPINION OF THE COURT**

BLOOM, J.

Defendant was indicted for murder in the second degree and criminal possession of a weapon in the second degree. He was tried and convicted of manslaughter in the first degree, as a lesser included offense, under the first count. This court subsequently reversed that conviction and remanded the matter for a new trial (67 AD2d 660, mot for lv to app den 46 NY2d 944).

The conviction of defendant for the crime of manslaughter in the first degree had the effect of an acquittal of the

charge of murder in the second degree (CPL 300.50, subd 4). However, the People did not resubmit the case to the Grand Jury, but attempted to amend the original indictment with the consent of defense counsel. The Assistant District Attorney, counsel and the court signed a handwritten statement purporting to amend the indictment to charge the defendant with the crime of manslaughter in the first degree. The trial proceeded on this purported amendment, and defendant was convicted of manslaughter in the first degree.

The situation here parallels that in *People v Gonzales* (61 NY2d 633, 635) wherein the court noted that: "Inasmuch as defendant had been acquitted of second degree murder, further prosecution on that charge was barred by double jeopardy. Further, the Appellate Division could not order a new trial on the lesser included offense of first degree manslaughter because the indictment had to be dismissed as to the murder charge and there was thus nothing remaining to support further criminal prosecution for manslaughter under that accusatory instrument (*People v Mayo,* 48 NY2d 245, 253; followed in *People v Villani,* 59 NY2d 781; *People v Beslanovics,* 57 NY2d 726)."

While the prosecutor concedes the error in having simply "treated the original indictment as if it had charged manslaughter" rather than having it resubmitted to the Grand Jury, he contends that the defendant forfeited his double jeopardy claim and failed to preserve any question of law for review on appeal "due to his endorsement of the procedure employed in the trial court", i.e., waiver.

The attempted amendment of the indictment was ineffective. CPL 200.70 makes provision for the amendment of an indictment with respect to defects, errors or variances from proof "relating to matters of form", etc., and specifically states that (subd 2): "2. An indictment may not be amended in any respect which changes the theory or theories of the prosecution as reflected in the evidence before the grand jury which filed it".

An amendment from murder in the second degree to manslaughter in the first degree does not relate to a matter of form. It changes the theory of the prosecution, therefore requiring action by the Grand Jury itself. In order for there

to be a valid amendment of an accusatory instrument, there must be strict compliance with the prescriptions of the relevant section (see *People v Harper,* 37 NY2d 96).

Under these circumstances, the defendant could not waive indictment. Section 6 of article I of the Constitution of the State of New York provides in pertinent part: "No person shall be held to answer for a capital or otherwise infamous crime * * * unless on indictment of a grand jury, except that a person held for the action of a grand jury upon a charge for such an offense, other than one punishable by death or life imprisonment, with the consent of the district attorney, may waive indictment by a grand jury and consent to be prosecuted on an information filed by the district attorney; such waiver shall be evidenced by written instrument signed by the defendant in open court in the presence of his counsel." The Legislature (L 1974, ch 467), added CPL article 195 to implement the constitutional amendment to section 6 of article I regarding waiver of indictment. The sections comprising CPL article 195 set forth specific and detailed requirements. They were not followed in this case.

The problem here is not "a purely technical one", "rather than on any 'fundamental' issue of whether defendant can be retried" as indicated by the People, but rather implicates the power and jurisdiction of the court. "A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution" (*People v Harper, supra,* p 99; *People ex rel. Gray v Tekben,* 86 AD2d 176, 179, affd 57 NY2d 651).

In the absence of an indictment, there was no accusatory instrument and, therefore, no jurisdiction upon which to try appellant. Since, if defendant is reindicted by the Grand Jury, a new trial is necessary, we do not treat with the other issues raised by him.

Accordingly, the judgment of the Supreme Court, New York County (Thomas Dickens, J., and a jury), rendered on October 17, 1979 which convicted defendant after trial of manslaughter in the first degree, as a lesser included count, and sentenced him to an indeterminate term of from 10 to 20 years' imprisonment, should be reversed, on the law, the indictment dismissed without prejudice, with

leave to the prosecution to resubmit to the Grand Jury, the matter remanded to Trial Term for the purpose of issuing a securing order pursuant to CPL 210.45 (subd 9) and defendant is committed to the custody of the Department of Correction pending the issuance of said securing order.

Asch, J. P., Fein and Alexander, JJ., concur.

Judgment, Supreme Court, New York County, rendered on October 17, 1979, unanimously reversed, on the law, the indictment dismissed without prejudice, with leave to the prosecution to resubmit to the Grand Jury, the matter remanded to Trial Term for the purpose of issuing a securing order pursuant to CPL 210.45 (subd 9) and defendant is committed to the custody of the Department of Correction pending the issuance of said securing order.