■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL MASSEY, Appellant. (Appeal No. 1.)—Judgment unanimously reversed, on the law, plea vacated and matter remitted to Monroe County Court for further proceedings on the indictment. Memorandum: Defendant's plea of guilty must be vacated since the plea was induced, in part, by the understanding that the sentence would run concurrently with a sentence imposed for a conviction now set aside (*People v Fuggazzatto,* 62 NY2d 862, 863; *People v Rogers,* 48 NY2d 167, 175; *People v Clark,* 45 NY2d 432, 440). (Appeal from judgment of Monroe County Court, Cicoria, J.—burglary, second degree.) Present—Hancock, Jr., J. P., Doerr, Denman, O'Donnell and Pine, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL MASSEY, Appellant. (Appeal No. 2.)—Judgment unanimously reversed, on the law, and indictment dismissed without prejudice to the People re-presenting any appropriate charges to another Grand Jury. Memorandum: In April of 1976 defendant was indicted on two counts of burglary in the first degree and one count of assault in the second degree. A jury found defendant not guilty on both burglary counts and not guilty of assault in the second degree or the lesser included charge of assault in the third degree. The jury could not reach a verdict on the lesser included charge of burglary in the second degree. Defendant was subsequently retried and convicted on the lesser burglary charge, and it is from that conviction that defendant appeals.

On appeal, defendant argues that the conviction is jurisdictionally defective because the People failed to obtain a new indictment following defendant's acquittal of all indicted charges at his first trial. We agree.

A "valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution" (*People v Case*, 42 NY2d 98, 99; *People v Harper*, 37 NY2d 96, 99). When a defendant has been acquitted of the indicted charge, further prosecution on that charge is barred by the double jeopardy clause of the Constitution, and the indictment must be dismissed because there is "nothing remaining to support further criminal prosecution * * * under that accusatory instrument" (*People v Gonzalez*, 61 NY2d 633, 635; *People v Mayo*, 48 NY2d 245, 253). Although a retrial of defendant on lesser included offenses is permitted (CPL 310.70), the People must first obtain a new accusatory instrument (*see, People v Fudger*, 73 AD2d 1020, 1021; *see also, People v Villani*, 59 NY2d 781; *People v Beslanovics*, 57 NY2d 726; *People v Mayo*, 48 NY2d, *supra*, p 250, n 2; *People v Reome*, 101 AD2d 632, 634; *People v Lee*, 100 AD2d 357, 358). (Appeal from judgment of Monroe County Court, Maas, J.—burglary, second degree.) Present—Hancock, Jr., J. P., Doerr, Denman, O'Donnell and Pine, JJ.