OPINION OF THE COURT
Chief Judge Wachtler.
After a jury trial defendant was convicted of criminal usury in the first degree. The Appellate Division affirmed, without opinion. Defendant’s single contention in this court is that the evidence in the record is insufficient to sustain the jury’s finding that he engaged in "a scheme or business of making or collecting usurious loans,” in violation of section 190.42 of the Penal Law.
In early 1982 Frank Xidakis borrowed $2,000 from defendant’s agent, Demos Pierratos. The loan terms required payment of interest at the rate of $100 per week, to continue *448 until Xidakis repaid the $2,000 principal in a lump sum. By May of 1983, Xidakis had paid Pierratos approximately $5,000 in interest, but he still owed the $2,000 principal. At this point Xidakis gave Pierratos $100 more, but told him that it was the last payment he would make. Pierratos responded by telling Xidakis that if payments stopped he would "send some guys to fix you up.”
On July 7, 1983, as Xidakis waited in line at the OTB windows in Penn Station in Manhattan, he was approached by three or four men, one of whom was the defendant. Defendant threatened Xidakis that "if you don’t come up with that kind [of] money tonight or tomorrow, I’m going to kill you, I’m going to kill you.”
Xidakis then went to the police, and agreed to cooperate with their investigation into the suspected loan-sharking operation. Under police supervision Xidakis made numerous telephone calls to Pierratos, which were tape recorded and admitted into evidence at trial. During these conversations Xidakis tried to convince Pierratos not to have him beaten, and to lessen Xidakis’s payments. Pierratos responded that Xidakis should agree to meet with defendant, and, although Pierratos himself could not "make any deals,” defendant was willing to renegotiate the terms of the loan, and would accept $4,000 paid over time or $3,000 paid in a lump sum.
On July 15, 1983, Xidakis met defendant and Pierratos at a tavern to discuss the loan. After some discussion defendant agreed to renegotiate the loan and to accept $3,000 payable at the rate of $100 per week to Pierratos.
Xidakis then made regular payments (with minor exceptions) under these new terms. In January of 1984, however, Xidakis still owed $1,300, and called defendant in an attempt to settle the matter. Defendant agreed to settle the debt for a final payment of $1,000, and on January 30, 1984, with money provided by the police, Xidakis met with defendant and paid him the $1,000.
At trial, the prosecution’s expert testified that the rate of interest on the May 1982 loan was 260% per annum, that after defendant renegotiated the loan on July 15, 1983, the interest rate was 145.6% per annum, and that when Xidakis made the final $1,000 payment on January 30, 1984, the interest rate was lowered, in effect, to 109.2% per annum.
Penal Law § 190.42 states in relevant part that "[a] person is guilty of criminal usury in the first degree when, not being *449 authorized or permitted by law to do so, he knowingly charges, takes or receives any money or other property as interest on the loan * * * of any money or other property, at a rate exceeding twenty-five per cent per annum or the equivalent rate for a larger or shorter period and either the actor had previously been convicted of the crime of criminal usury or of the attempt to commit such crime, or the actor’s conduct was part of a scheme or business of making or collecting usurious loans.” Thus by its plain language, where, as in the present case, defendant had not previously been convicted of criminal usury or an attempt to commit the crime, Penal Law § 190.42 requires a showing of two elements: that defendant charges, takes or receives money or other property as interest on a usurious loan, and that his actions were "part of a scheme of business of making or collecting usurious loans.” In contrast, the crime of criminal usury in the second degree requires proof of only the first element (Penal Law § 190.40). In the case before us criminal usury in the second degree was not charged to the jury.
Here, the record is clear that there were numerous times when defendant charged or received money as interest on a usurious loan. Defendant argues, however, that only a single usurious transaction was proved at trial, and thus under our decisions in People v Villani (59 NY2d 781) and People v Lombardo (61 NY2d 97), no "scheme or business of making or collecting usurious loans” was shown.
In People v Villani (supra) we dismissed an indictment alleging criminal usury in the first degree, and the presence of a "scheme or business,” because the People failed, upon defendant’s motion, to particularize the "scheme or business” allegation. In that case we called attention to "the difference between defending a single usurious transaction and defending against the broader charge of loansharking” (People v Villani, supra, at 783). Subsequently, in Lombardo (supra, at 105), we explained that the presence of a "scheme or business” can be shown by a "series of transactions, multiple as to loans if not borrowers, which are usurious and * * * can factually be found to be interrelated and to constitute parts of an integrated single operation.”
In the case before us there was ample evidence for the jury to have found that the first loan of $2,000, together with the July 15, 1983 renegotiation, which changed not only the interest rate but also the amount of principal due under the *450 first loan, constituted multiple interrelated usurious loans and established the presence of a "scheme or business.” Moreover, the record shows that defendant directly participated in collection efforts on the first loan, and negotiated and collected payment on the second loan. Thus there is sufficient support in the record for the jury to have found defendant guilty of criminal usury in the first degree.
Accordingly, the order of the Appellate Division should be affirmed.
Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed.