OPINION OF THE COURT
Vincent B. Campbell, J.
The defendant, Theodric Moorehead, has been charged with committing the offense of assault in the third degree, a class A misdemeanor, in violation of section 120.00 (1) of the Penal Law for an alleged incident which occurred on September 20, 1995 in the Town of Greece. The information charging the defendant with said crime contained the following allegation: "That the Defendant, at the aforesaid time, date and place did *36 intentionally cause physical injury to Letitia Washington of Whispering Pines Circle, in the Town of Greece, County of Monroe, New York. Further, that said injury to the victim consisted of: stomach pains. That said Defendant did intentionally engage in conduct which caused the injury to the victim to wit: the Defendant kicked the deponent in the stomach. The deponent is eight months pregnant and she received stomach pains from the kick”. The defendant has moved for an order pursuant to CPL 170.30 and 170.35 dismissing the information as being defective on its face. The defendant argues that the factual allegations of the accusatory instrument did not provide reasonable cause to believe that the defendant committed said offense and further, that it failed to make out a prima facie case of assault in the third degree. The People oppose said motion and argue that the information was sufficient as a matter of law.
CPL 100.15 sets forth the required form and content of a criminal information. The information must contain both an accusatory part which designates the offense charged against the defendant and a factual part which alleges facts of an evidentiary character supporting or tending to support the charges. (CPL 100.15 [2], [3].) An information is statutorily sufficient on its face when (1) it substantially conforms to the requirements of CPL 100.15 and (2) contains factual allegations which provide reasonable cause to believe that the defendant committed the offense charged, and (3) sets forth non-hearsay factual allegations establishing, if true, each and every element of the offense charged and that the defendant committed the same. (CPL 100.15, 100.40 [1] [a], [b], [c]; see also, People v Alejandro, 70 NY2d 133 [1987].)
In People v Alejandro (supra), the Court of Appeals, interpreting CPL 100.15 and 100.40, held that an information charging a defendant with an offense must contain nonhearsay factual allegations sufficient to establish a "prima facie case”. The Court stated "[a]n information is often the instrument upon which the defendant is prosecuted for a misdemeanor or a petty offense. Unlike a felony complaint (CPL 180.10), it is not followed by a preliminary hearing and a Grand Jury proceeding. Thus, the People need not, at any time prior to trial, present actual evidence demonstrating a prima facie case, as with an indictment following a felony complaint”. (People v Alejandro, supra, at 137-138.) In this court’s opinion, the prima facie requirements for an information not only protect the rights of an accused but also assure the integrity of the judicial system. Failure to establish a prima facie case in an information is a *37 nonwaivable jurisdictional defect requiring dismissal of the accusatory instrument. (People v Case, 42 NY2d 98; People v Hall, 48 NY2d 927; People v Harper, 37 NY2d 96.) Each and every element of an offense charged must be alleged (People v Haff, 47 NY 2d 695; People v Hall, supra.)
Assault in the third degree as defined by section 120.00 (1) of the Penal Law states that:
"A person is guilty of assault in the third degree when:
"1. With intent to cause physical injury to another person, he causes such injury to such person or to a third person”.
The elements required to establish assault in the third degree are (1) a defendant, (2) a victim, (3) intent to cause physical injury, (4) the time, place, and act of the defendant, and (5) physical injury to said victim. In the present case, the defendant argues that the information fails to establish nonhearsay factual allegations supporting the element of physical injury. Physical injury, defined by section 10.00 (9) of the Penal Law, requires "impairment of physical condition or substantial pain”. The defendant contends that the allegation of "stomach pains” is not sufficient to establish physical injury as a matter of law. The court disagrees. There can be no doubt that a kick to the stomach of a woman, who is eight months pregnant, could result in "impairment of physical condition or substantial pain”. (Penal Law § 10.00 [9].) The People should not be required at the time the information is filed to actually prove physical injury. This is a question of fact to be proven by the People at the time of trial and decided by the triers of facts. (Matter of Philip A., 49 NY2d 198 [1980].) The court recognizes that the information in this case is somewhat inartfully drawn. However, the Court of Appeals has held that an information which is otherwise legally sufficient should not be dismissed solely because it is inartfully drawn. (People v Jackson, 46 NY2d 721.) Accordingly, the court finds that the nonhearsay allegation of "stomach pains” suffered by a woman who is eight months pregnant is legally sufficient to establish the element of physical injury in the information. The information meets the requirements for a legally sufficient accusatory instrument, and provides reasonable cause to believe the defendant committed the offense charged. Further, the information fairly informs the defendant of the nature of the charges pending against him in this court.
Accordingly, the defendant’s motion to dismiss the accusatory instrument as defective on its face pursuant to CPL 170.30 and 170.35 is denied.