■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL WHITE, SR., Appellant. [818 NYS2d 81]—

Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered September 3, 2003, convicting defendant, after a jury trial, of criminal trespass in the first degree, and sentencing him to a term of 1$^1$/$_3$ to 4 years, unanimously reversed, on the law, and the indictment dismissed with leave to resubmit to the grand jury.

While we reject defendant's argument that the verdict must be reversed as against the weight of the evidence or as inconsistent, we hold that the trial court erred in declining to charge criminal trespass in the second degree as a lesser included offense (*see* CPL 300.50). The trial court charged, as a lesser included offense, criminal trespass in the first degree under Penal Law § 140.17 (2). However, as to criminal trespass in the second degree (Penal Law § 140.15), it reasoned that because it was conceded that one of the participants (defendant's son, Carl White, Jr.) was in possession of a gun at the time of the incident, there was no reasonable view of the evidence permitting the conclusion that defendant was not in possession of the weapon held by his son.

This was incorrect. The jury had the option to find that defendant, constructively or acting in concert with his son, possessed the weapon and ammunition in his son's possession, in order to convict him under Penal Law § 140.17 (2). However, it was not required to do so. In view of defendant's testimony that he had not known that his son was carrying a weapon until it was displayed, the jury could have concluded that defendant had been unaware of the gun in his son's possession, and was not chargeable with possession of it under Penal Law § 140.17 (2). In the event of such a finding, it would have been possible for the jury reasonably to conclude that defendant committed criminal trespass in the second degree rather than criminal trespass in the first degree.

When, viewing the evidence in the light most favorable to the defendant, a reasonable view of the evidence would support the conclusion that the defendant committed the lesser offense, but not the greater, the court *must* submit the lesser included offense to the jury upon the request of a party (*see* CPL 300.50 [2]; *People v Devonish*, 6 NY3d 727 [2005]). Accordingly, the conviction must be reversed.

Because defendant was acquitted of the crimes charged in the indictment, and convicted of only a lesser included offense, the People may not retry defendant on the original indictment (*see People v Mayo*, 48 NY2d 245, 253 [1979]; *People v Lee*, 100 AD2d 357 [1984]). Rather, they "may proceed under a new accusatory instrument containing the lesser included charge" (*see* 2 Newman, New York Appellate Practice § 13.09 [1], at 13-168). Concur—Mazzarelli, J.P., Saxe, Friedman, Sullivan and Sweeny, JJ.