■  THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES HILLE, Appellant.— Appeal from a judgment of the County Court of Sullivan County, rendered July 31, 1972, upon a verdict convicting defendant of the

crime of manslaughter in the second degree (Penal Law, § 125.15). Defendant was indicted for the murder of his wife (Penal Law, § 125.25). The indictment specified that defendant had caused the death by strangulation. Defendant testified that on September 16, 1971 the couple had an argument. Defendant left their home, went to a local tavern where he had a few beers, and returned later in the evening to find his wife in the bathroom with the door shut. Upon opening the bathroom door with a hard push, he accidentally struck his wife, causing her to fall and strike her head against one of the bathroom fixtures. Defendant seemingly did not then realize or suspect that his wife may have been injured. He walked away, occupied himself with other activities for a while, and then returned to the bathroom where he found her lying with her head face-down in the toilet. He carried her to the bedroom and placed her body on the bed. At this point, there is disagreement as to what followed. Relying on a statement taken from defendant, the People contend that defendant pulled a bedsheet around his wife's neck and pressed it down, strangling her. On the trial defendant denied this, testifying that he shook his wife by the shoulders in an attempt to revive her before realizing that she was dead. Shortly thereafter, he placed the body in a sleeping bag and threw it into a gravel pit. Defendant requested that in addition to the charge of murder and manslaughter in the first degree (Penal Law, § 125.20), which clearly would be a lesser included offense (CPL 1.20, subd. 37), the jury be charged on the crimes of second degree manslaughter, and criminally negligent homicide (Penal Law, § 125.05). The trial court refused to charge criminally negligent homicide, but over the People's objection, did grant the request to charge manslaughter in the second degree. Defendant contends that, based on his trial testimony, the jury could have found him guilty of a homicide which does not involve the specific intent required for a conviction upon murder or manslaughter in the first degree, and therefore, if second degree manslaughter was charged, the court should have also charged criminally negligent homicide. The problem presented in this case is that, although defendant is correct in asserting that criminally negligent homicide would generally be a lesser offense included within second degree manslaughter, it appears that neither second degree manslaughter nor criminally negligent homicide is properly includable as a lesser offense within the crime of murder, as charged in the present indictment, under CPL 1.20 (subd. 37). The definition of "lesser included offense" for purposes of conviction upon a verdict (see CPL 220.20, subd. 2) is contained in CPL 1.20 (subd. 37), and reads as follows: "When it is impossible to commit a particular crime without concomitantly committing, by the same conduct, another offense of lesser grade or degree, the latter is, with respect to the former, a 'lesser included offense.'" In that second degree manslaughter requires affirmative proof of an element of reckless disregard of a risk to others, and criminally negligent homicide requires an affirmative showing of negligence in failure to perceive a risk of danger to others (Penal Law, § 15.05, subds. 3, 4), the "same conduct" is not involved as in murder, which requires a specific intent to cause death (Penal Law, § 125.25). Therefore, as a matter of right, defendant was not entitled to have the jury charged either on second degree manslaughter or on criminally negligent homicide. The fact that the trial court did in fact charge second degree manslaughter does not change our view of the case. That charge became, as far as defendant is concerned, the law of the case, since a defendant who fails to raise an objection to the submission of a charge of a lesser offense is deemed to waive such an objection (CPL 300.50, subd. 1). Since the error in the charge was not merely waived but was committed at the request of defendant, he certainly should not be permitted to complain that the court failed to compound

the error by adding another improper charge. We therefore conclude that it was not error to refuse to charge the jury on criminally negligent homicide, and we also note that, under the evidence, the jury could properly convict for the crime of second degree manslaughter by accepting the defendant's testimonial version of the facts, as it apparently did. Defendant also contends that the trial court should not have admitted into evidence his oral and written statements. It is not disputed that defendant was properly advised of his rights and that, before making the damaging admissions, he stated that he understood his rights. It is urged, however, that defendant never expressly waived his right to counsel. This contention must be rejected, for the trial record and the *Huntley* hearing record disclose that, before signing the statement, appellant did expressly indicate that he did not want an attorney. We have examined the other contentions raised by defendant and find them to be without merit. Judgment affirmed. Greenblott, Kane and Reynolds, JJ., concur; Staley, Jr., J. P., and Sweeney, J., concur in the result only.