Bruce G. Dean J.
Under Indictment No. 71-112, returned by the Tompkins County Grand Jury in October, 1971, defendant, Eugene Duncan, was accused of the crime of murder of *609 one Gerald Williams, in violation of section 125.25 of the Penal Law, effective September 1, 1967, and in effect on November 11, 1971, and which did not provide for degrees of the crime of murder.
By reason of the absence of the defendant, trial under the indictment was delayed until June 3, 1975. After a trial covering the period from June 3, 1975 to June 26, 1975, the jury returned a verdict against defendant, finding him guilty of manslaughter in the second degree (Penal Law, § 125.15). Defendant was remanded to the Tompkins County Jail pending a presentence report of the Tompkins County Department of Probation, and sentencing by the court.
Prior to sentence, and by notice of motion, returnable before this court on July 28, 1975, defendant has moved for an order reversing and setting aside the verdict of the jury, and acquitting defendant of the charges; or, in the alternative, granting defendant a new trial. Defendant alleges the following reversible error as ground for said relief:
1. That the evidence established that defendant shot decedent in self-defense. (Penal Law, § 35.15.)
2. That the court failed to charge the jury on criminally negligent homicide as a lesser included offense. (Penal Law, § 125.10; CPL 1.20, subd 37; 300.50; People v Stanfield, 44 AD2d 780, affd 36 NY2d 467.)
At any time after rendition of a verdict of guilty, and before sentence, on motion of defendant, the trial court may set aside or modify a verdict upon, inter alia, any ground appearing in the record which, on appeal, would require a reversal as a matter of law. The court has considered the grounds set forth in the affidavit of Richard Mulvey, Esq., attorney for the defendant, submitted in support of the motion. The court has also examined the court’s minutes of the trial testimony. The court finds that all factors contained in said affidavit as ground for reversal were presented, considered, and, apart from question of law, decided factually by the verdict of the jury, including review by the court at trial on the issue of "lesser included offenses”. The position of the court on offenses to be submitted to the jury pursuant to CPL 300.40 will be reviewed in this decision. (CPL 330.30, 330.40; 300.40; 300.50; People v Carter, 58 Misc 2d 548, affd 35 AD2d 1082, affd 30 NY2d 279.)
With respect to the alleged error of failure of the court to submit to the jury the offense of criminally negligent homicide *610 as a lesser included offense to the murder charge in the indictment (Penal Law, § 125.10):
The court submitted to the jury the crime of murder, as charged in the indictment, and that the jury must find that the trial evidence established proof beyond a reasonable doubt that defendant intended to cause death and caused the death of Gerald Williams. As a lesser included offense, the court also charged manslaughter in the first degree, as an intent crime, as an affirmative defense to murder, in the event the jury determined the defendant intended to cause the death of Gerald Williams, but acted under extreme emotional disturbance, as a mitigating circumstance. (Penal Law, § 125.20, subd 2; § 125.25.)
The court also submitted to the jury the crime of manslaughter in the second degree, as a lesser included count of homicide when death is caused by reckless conduct of defendant. Under this count, the court charged the jury that the voluntary use of alcohol or drugs could negate a finding of intent to commit the crimes of murder or manslaughter in the first degree, but would not excuse reckless conduct of a defendant, which caused death, if a defendant was unaware of the risk of reckless conduct resulting in death solely by reason of voluntary intoxication or drug involvement. (Penal Law, § 15.05, subd 3; § 125.15.)
The court denied the motion of the defendant to charge criminally negligent homicide as a lesser included offense, the court being of the opinion that a reasonable view of the evidence would not support a finding that defendant committed such lesser offense. (CPL 300.50.)
Defendant has asserted this failure of the court to so charge as reversible error, relying on People v Stanfield (44 AD2d 780, affd 36 NY2d 467).
Criminally negligent homicide is a homicide caused by criminal negligence and is not an intent crime. A review of the evidence by the court at the trial, and reviewed once again under the present motion of defendant, conclusively established in the opinion of the court that under no reasonable view of the evidence could the jury have found that defendant failed to perceive the substantial risk of death to Gerald Williams in his use of a pistol at the confrontation on Dryden Road on November 11, 1971. On a review of the evidence, this conclusion remains undisturbed. The entire factual situation under the trial evidence indicated to the *611 court that defendant either intended to cause the death of said decedent in violation of murder or manslaughter in the first degree, and that manslaughter in the second degree could be considered by the jury as a lesser included count in the event the jury found that defendant’s use of drugs or voluntary intoxication negated the culpable mental states of "intentionally” and "knowingly”, but that the jury could find that defendant acted "recklessly” in that the use of drugs, or voluntary intoxication, would not excuse reckless conduct as defined by statute. (Penal Law, § 15.05, subd 3.)
Defendant, in his motion, refers to his testimony as clearly disclosing the element of self-defense and also the accidental discharge of the gun when defendant tripped on the curb and fell backwards. The defense of justification, resulting in the death of a person, is the use of physical force in self-defense and would be an intentional homicide. (Penal Law, § 35.15.) It would be inconsistent with the explanation of defendant that his gun was accidentally discharged, and clearly inconsistent with criminally negligent homicide which is an unintentional homicide in that the actor negligently fails to perceive the risk of death. (Penal Law, § 15.05, subd 4; People v Haney, 30 NY2d 328, 331, 332.) The defense was directed essentially toward "justification” and the reasonable belief of defendant that it was necessary to defend himself from the use of unlawful physical force by decedent; that decedent was the aggressor, was intoxicated, carried a gun and had threatened defendant with it, and had a record of violence which was known to defendant. Defendant testified that he carried a gun because he had heard remarks about what decedent was going to do to him. Defendant submits criminally negligent homicide on the unexpected explosion of defendant’s gun as he tripped back over curb. Defendant testified that decedent and defendant were facing each other at the time and this explanation of the fatal occurrence would not be supported by the entrance of the fatal bullet into the body of decedent and its course across the chest cavity, tearing both lungs and the vena cava superior, which was described as the main blood supply of the heart.
No reasonable review of the evidence would support a finding of fact that defendant here was "playing with the gun”, and he was not "messing” with the firearm, as was stated in People v Stanfield (36 NY2d 467, 471-472).
Defendant could have committed the greater offense of *612 murder, as charged in the indictment, or manslaughter in the fírst degree, as an affirmative defense to such an indictment, if acting under the influence of extreme emotional disturbance. These offenses are intentional crimes as distinguished from the unintentional crime of criminally negligent homicide. An "intentional crime” and an "unintentional crime” would not appear to be crimes concomitantly committed "by the same conduct”, such, for example, as robbery, which is an aggravated larceny and would include criminal possession of stolen property, (CPL 1.20, subd 37; People v Hayes, 43 AD2d 99, affd 35 NY2d 907; People v Mussenden, 308 NY 558.)
Defendant relies on People v Stanfield (supra), where the indictment charged defendant with manslaughter in the second degree, and the Court of Appeals considered criminally negligent homicide to be a lesser included offense, stating (p 471): "But more fundamentally, criminal recklessness and criminal negligence with respect to a particular result — here homicide — may in a particular case, if not hypothetically or definitionally, be but shades apart on the scale of criminal culpability.” (Emphasis supplied.)
An indictment for murder, defined as an "intent to cause death of another person”, would not be a shade apart, from criminally negligent homicide, on the scale of criminal culpability. (Penal Law, § 125.25.) The submission to the jury of manslaughter in the second degree, as a lesser included offense, would not necessarily entitle defendant to a jury charge on criminally negligent homicide as a lesser included offense to an indictment for murder. The statutory language of "lesser included offense” is a lesser offense to a "count of an indictment” under CPL 300.50 (subd 1), although not so defined in CPL 1.20 (subd 37). (People v Hille, 42 AD2d 881.)
In People v Wall (34 AD2d 215, affd 29 NY2d 863) defendant, indicted for manslaughter in the first degree, was found guilty of criminally negligent homicide. The Appellate Division reversed the conviction and dismissed the indictment, although defendant had not objected to the court’s charge on submission to the jury. The court stated that the specific intent, required under manslaughter in the first degree, precluded criminally negligent homicide as a lesser included count to the intent crime of manslaughter in the first degree, charged in the indictment. The Court of Appeals, in affirming, stated that the record established an intentional shooting and no other; but that in a proper case criminally negligent *613 homicide might be a lesser included offense under a manslaughter indictment. Manslaughter, first degree (Penal Law, § 125.20) is an intent crime and it may be that, under this dictum of the Court of Appeals, the same position would be taken under a murder indictment in a proper case.
People v Hille (42 AD2d 881, supra) presents a situation similar to the instant case. There defendant was indicted for murder of his wife under section 125.25 of the Penal Law. The defendant requested that, in addition to the charge of murder and manslaughter in the first degree, that the jury also be charged on the crimes of manslaughter in the second degree and criminally negligent homicide. The trial court refused to charge criminally negligent homicide, but, over the objection of the People, charged manslaughter in the second degree. Defendant, on appeal, contended that as the court charged manslaughter in the second degree, it should also have charged criminally negligent homicide. The court held that although criminally negligent homicide is generally a lesser offense included in manslaughter, second, neither second degree manslaughter nor criminally negligent homicide is properly includable as a lesser offense within the crime of murder as was charged in the indictment. That although the court had improperly charged manslaughter in the second degree, the court was not required to compound error by adding the improper charge of criminally negligent homicide. (Cf. People v Usher, 39 AD2d 459, indictment, manslaughter, first degree; manslaughter, second degree and criminally negligent homicide could be lesser included offenses.)
In conclusion, the court finds that there was awareness by defendant of the harm which would result from his conduct on November 11, 1971, whether murder or manslaughter in the first or second degree. Criminally negligent homicide, in essence, involves the failure to perceive the risk in the situation, that defendant was insensitive to the risk to decedent. It was the position of the court that if defendant was not aware of the possible consequences of his conduct, it was solely by reason of voluntary intoxication or use of drugs, which, at least, would not excuse acting recklessly. (Penal Law, § 15.05, subd 3.) No view of the evidence will support any conclusion that defendant failed to perceive the risk of death in the use of his handgun.
Motion to set aside the jury verdict is denied in all respects.