### (April 7, 1977)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE DUNCAN, Appellant.—Appeal from a judgment of the County Court of Tompkins County, rendered November 11, 1975, upon a verdict convicting defendant of the crimes of criminal possession of a dangerous drug in the fourth degree, criminal possession of a dangerous drug in the sixth degree, and criminal possession of a hypodermic instrument. On May 14, 1971, police officers entered defendant's apartment pursuant to a search warrant, seized numerous items and arrested defendant and his girl friend, Alonita Boseman. Thereafter, a motion to suppress the items seized was denied, and defendant was convicted following a jury trial of one class D felony, i.e., criminal possession of a dangerous drug in the fourth degree (Penal Law,

§ 220.15, repealed L 1973, ch 276, § 18, eff Sept. 1, 1973), and three misdemeanors, i.e., two counts of criminal possession of a dangerous drug in the sixth degree (Penal Law, § 220.05, repealed L 1973, ch 276, § 18, eff Sept. 1, 1973) and one count of criminally possessing a hypodermic instrument (Penal Law, § 220.45). The felony conviction involved defendant's possession of nine glassine envelopes containing a heroin substance having an aggregate weight of 1.46 grams with intent to sell the same, and for this offense a term of imprisonment not to exceed four years was imposed by the County Court. With regard to each of the misdemeanors, defendant was given an unconditional discharge. On this appeal, defendant argues that there was no probable cause to issue the search warrant. We disagree. A perusal of the affidavit submitted in support of the issuance of the warrant by Investigator McCoullum of the New York State Police establishes that three named informants, who were admitted dealers in heroin, identified defendant as a major supplier of that drug. Moreover, they likewise stated that he maintained a supply thereof in the apartment searched, and at least some of their information was based upon their own personal observations (cf. *People v Brown,* 40 NY2d 183). Accordingly, by their respective statements the individual informants confirmed the information that each gave *(People v Wheatman,* 29 NY2d 337, cert den *sub nom. Marcus v New York,* 409 US 1027, mot for reh den 409 US 1119), and additional corroboration was provided by Investigator McCoullum's independent investigation and observation of the apartment as set forth in great detail in his affidavit *(People v Hanlon,* 36 NY2d 549; *People v Cerrato,* 24 NY2d 1). Similarly, we find no error in the court's refusal to suppress those items seized by the police, such as Lactose sugar, white powder, razor blades, strainers, glassine bags and measuring spoons, which defendant alleges were outside the scope of the warrant. Concededly, the warrant specified that the items to be seized should be "Dangerous drugs within the meaning of Article 220 of the Penal Law of the State of New York". However, even assuming *arguendo* that the items in question are outside the parameters of the warrant, their seizure by the police was authorized as being incident to the lawful arrests of defendant and his girl friend *(Marron v United States,* 275 US 192). Turning now to the evidence adduced at the trial, we find no merit to defendant's contention that it was insufficient to sustain his conviction. Moreover, on the issue of whether defendant possessed the requisite intent to sell the drugs in question, the court properly allowed Miss Boseman to testify concerning similar criminal acts by defendant during the four months immediately preceding the crime charged here (cf. *People v Schwartzman,* 24 NY2d 241). As to defendant's testimony in an earlier trial to the effect that he had been selling heroin for six to eight months prior to November 11, 1971, this was properly received into evidence as an admission (Richardson, Evidence [10th ed], § 217, p 193). Defendant's remaining contentions related to the court's charge to the jury, and no objections were made at trial to what is now alleged to be errors therein. Furthermore, viewing the charge as a whole, we find that the case was presented fairly to the jury (see *People v Cohen,* 223 NY 406). Judgment affirmed. Greenblott, J. P., Sweeney, Main, Larkin and Herlihy, JJ., concur. [83 Misc 2d 608.]