■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH A. LOGALBO, Appellant.—Appeal from a judgment of the County Court of Broome County, rendered February 27, 1979, upon a verdict convicting defendant of the crimes of reckless driving and driving while ability impaired. The two-count indictment herein arose out of a motor vehicle accident which occurred when defendant, while operating his car easterly on the westbound lane of Route 17, collided head on with another car. The first count accused defendant of assault in the second degree (Penal Law,

§ 120.05, subd 4) in that while intoxicated, he recklessly caused serious physical injury to another person by means of a dangerous instrument. The second count charged defendant with driving while intoxicated (Vehicle and Traffic Law, § 1192, subd 3). The indictment also alleged that the two counts were connected by a "common scheme or plan". In addition to the charges alleged in the indictment, the trial court submitted to the jury the lesser included crimes of assault in the third degree, reckless driving and driving while ability impaired. The jury returned a verdict convicting defendant of reckless driving and driving while ability impaired. The defendant received consecutive sentences of 30 days imprisonment and a fine of $100 on the reckless driving charge and 15 days imprisonment and $50 fine on the driving while ability impaired charge. In addition, defendant's license to operate a motor vehicle was suspended for three years. Since defendant failed to object to the court's charge before the jury retired to deliberate, he waived his contention that the trial court improperly charged reckless driving as a lesser included offense of assault in the second degree (CPL 300.50, subd 1). However, reversal of the conviction for driving while ability impaired is required. Under the circumstances, once the jury found defendant guilty of reckless driving as a lesser included charge under count one of the indictment, it should have stopped its deliberation and should not have considered the driving while impaired charge. Finally, we find no abuse of discretion in the trial court's imposition of a suspension of the defendant's license for a three-year period *(People v Dittmar,* 41 AD2d 788). Judgment modified, on the law, by reversing the conviction for driving while ability impaired and by vacating the sentence imposed thereon, and, as so modified, affirmed. Mahoney, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.