■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID REYES, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered March 11, 1977, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. Judgment affirmed. The defendant was indicted and tried for attempted murder in the second degree and criminal possession of a weapon in the second degree. Prior to summations, the prosecutor requested that the trial court submit for jury consideration the charge of assault in the first degree as a lesser included offense of the attempted murder count. The defendant, however, objected to submission of the lesser charge. The court did not immediately rule on the application. Instead, with the defendant's consent, the court reserved decision until after summations at which time it decided to submit the assault charge as requested by the People. On this appeal, the defendant contends that, in failing to afford him notice, in advance of summation, as to the charges to be submitted to the jury, the court denied him a fair trial. We cannot agree. CPL 300.10 (subd 3) requires that, prior to summations, the court determine and inform the parties of the charges which will be sumitted for jury consideration. Under the circumstances at bar, however, any error attendant to the trial court's failure to comply with this statute has been waived. Although the defendant registered his opposition to the submission of the lesser included offense, he consented to the court's withholding its determination on the issue until after summations. Hence, he may not now complain of the delay in making the ruling. Moreover, the defendant was not convicted of either attempted murder or assault, and his brief on appeal suggests no prejudice resulting from the court's failure to announce, prior to summations, its intention to submit the assault charge. Accordingly, even if the alleged error were preserved for review, we would hold it to be entirely harmless. The defendant further contends that the trial court erred by charging, in the absence of a request, that the jury was not to draw an unfavorable inference from his failure to testify (see CPL 300.10, subd 2). The defendant voiced no objection to that portion of the charge, and therefore this alleged error is likewise not preserved for review. In any event, in the sound exercise of its discretion, a court may instruct the jury on a defendant's failure to testify even in the absence of a request for such a charge (see *People v Vereen,* 45 NY2d 856). Moreover, under the facts of this case, the alleged error was harmless *(People v Vereen, supra,* p 857; cf. *People v Mims,* 59 AD2d 769). We have examined the defendant's remaining contentions and find them to be without merit. Mollen, P. J., Mangano, Margett and Weinstein, JJ., concur.