■ The People of the State of New York, Respondent, v Michael L. Rose, Appellant. — Appeal from a judgment of the County Court of Otsego County (Mogavero, Jr., J.), rendered June 16, 1980, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree and criminal sale of a controlled substance in the third degree. This conviction has its roots in a cocaine sale to an undercover State Police officer. Defendant's case consisted of one witness whose testimony, if believed, served to reflect adversely on the officer's moral character and, implicitly, on his credibility. Even setting aside the fact that there was no objection to the court's charge, we find unconvincing defendant's suggestion that the charge impermissibly interfered with the jury's fact-finding function when it twice inferred that the jury need not decide whether the substance in question was cocaine. A reading of the entire charge discloses that any such inference was effectively neutralized by the court's oft-repeated and explicit instruction that the People carried the burden of proof with respect to each element of the crimes charged. And although defendant's trial counsel's strategy may in retrospect appear to have been mistaken, his over-all representation was adequate. His claimed shortcomings do not begin to approach the level of inexpedience required to justify reversal because of ineffective assistance of counsel (see, e.g., *People v Bell,* 48 NY2d 933). During the People's direct case, the officer recounted several other instances when be believed he observed defendant trafficking in cocaine. Defendant's assertion that revelation of these uncharged crimes was highly prejudicial obviously has some force. Evidence of prior criminal conduct is, however, admissible in limited instances (see *People v Vails,* 43 NY2d 364) provided its only purpose is not to demonstrate the accused's propensity to engage in criminal activities *(People v Santarelli,* 49 NY2d 241). To be assessed then is whether the evidence of other cocaine sales is probative of any material element of the crime or works to negate any defense. Intent or knowledge is a necessary element of the crimes charged (Penal Law, §§ 220.16, 220.39) and as the defense raised was a general denial of guilt, every element of these crimes was in issue. Since evidence of other crimes may be probative of intent (see *People v Molineux,* 168 NY 264, 297-298; *People v Duncan,* 57 AD2d 638, 639), this challenge to defendant's conviction is also rejected. Although defendant's prior record was unblemished, the amount of cocaine sold small and the sentence imposed stern, we cannot say it was unduly harsh for it was considerably less than what could have been imposed. Judgment affirmed. Kane, J.P., Casey, Mikoll, Yesawich, Jr., and Herlihy, JJ., concur.