■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES LEWIS, Appellant. — Judgment, Supreme Court, Bronx County (D. Sullivan, J.), rendered January 7, 1980 convicting defendant, on jury verdict, of criminally negligent homicide (Penal Law, § 125.10), and sentencing him thereon, is unanimously affirmed. The matter is remitted to the Supreme Court, Trial Term, for further proceedings pursuant to CPL 460.50 (subd 5). In an appropriate case criminally negligent homicide can be a lesser included offense under a

charge of intentional murder, even for trial purposes. *(People v Asan,* 22 NY2d 526.) As to whether, on the facts of this case, the court should have submitted that charge as a lesser included offense, we note the following: This offense was submitted at the defendant's express request over the objection of the District Attorney. If the submission was erroneous, that objection was thereby waived. (CPL 300.50, subd 1.) In the absence of objection, and indeed in view of defendant's express request, the interest of justice does not call for us to notice this "error," if error it be. Further, it cannot be said that there is no reasonable view of the evidence which would support a finding that the defendant committed the lesser offense but did not commit the greater. (CPL 300.50, subd 1.) Indeed, defendant's request that the charge be submitted must be deemed a contention that there is such a reasonable view of the evidence. And at sentence, defendant's attorney again stated his view of why the evidence might support this lesser offense, i.e., the negligence of defendant, a police officer, carrying his gun with him as he went to engage in a personal dispute. Further, defendant's attorney in summation argued, and there was some evidence which if accepted might sustain the argument, that "[t]he gun is shaking, Lewis is shaking, he's not in control, and the gun was just fired wildly." Defendant offered evidence that there was a struggle for the weapon; that he did not aim but fired from the hip; that his training as a police officer was almost instinctively to continue firing rapidly once he started firing. Concur — Kupferman, J. P., Ross, Silverman, Bloom and Fein, JJ.