■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID GRAHAM, Appellant. — Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered September 8, 1980, upon a verdict convicting defendant of the violation of harassment. Following an altercation with police officers, defendant was arrested on June 12, 1979. During his arraignment on that date he was held in contempt of court and confined to the Ulster County Jail. Thereafter, he made application to be released on his own recognizance conditioned on his being admitted to a private psychiatric hospital such as Craig House in Beacon, New York. The People consented to such release and an order to this effect was signed by the Town Justice of the Town of Esopus. On July 2, 1979, defendant was admitted to Craig House in an open ward with ground privileges where he remained until July 24, 1979. On July 24, 1979, defendant was returned to the Ulster County Jail until his release on bail on July 30, 1979. In an indictment, defendant was charged with two counts of criminal possession of a weapon in the third degree, one count of assault in the second degree and two counts of criminal possession of a weapon in the fourth degree. The latter two counts were dismissed prior to trial. After a trial, defendant was acquitted of the remaining counts in the indictment but he was convicted of the violation of harassment which was submitted to the jury as a lesser included offense of the charge of assault in the second degree. He was sentenced to a conditional discharge. This appeal ensued. Initially, defendant contends that the court erred in charging harassment as a lesser included offense of assault in the second degree. The record reveals, however, that defendant failed to object to that portion of the charge. Consequently, any error in such a charge was waived by defendant (CPL 300.50, subd 1; *People v Stevenson,* 31 NY2d 108; *People v Logalbo,* 76 AD2d 990; *People v Hille,* 42 AD2d 881). Defendant's reliance on CPL 470.05 (subd 2) is misplaced in that he relies on the portion of the statute which is concerned with the situation where a court fails to instruct according to an affirmative request for a particular ruling or instruction. Although an objection will be deemed to have

been taken under those circumstances (CPL 470.05, subd 2), no such affirmative request was made by defendant herein. We also reject defendant's contention that he is entitled to credit for the time he spent in Craig House. The record is clear that defendant voluntarily committed himself to Craig House so that he could obtain release on his own recognizance. Accordingly, we conclude that he was not entitled to credit for the time he spent in Craig House (see Penal Law, § 70.30, subd 3; see, also, *Coleman v New York State Dept. of Correctional Servs.*, 44 AD2d 833). We have examined defendant's remaining arguments and find them unpersuasive. The judgment, therefore, should be affirmed. Judgment affirmed. Mahoney, P. J., Sweeney, Main, Mikoll and Weiss, JJ., concur.