■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILIP PANUCCIO, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Suffolk County (Jaspan, J.), rendered August 12, 1981, convicting him of criminal facilitation in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and case remitted to the Supreme Court, Suffolk County, for the purpose of entering an order in its discretion pursuant to CPL 160.50. Defendant was indicted for the crimes of criminal sale of a controlled substance in the first degree, criminal possession of a controlled substance in the first degree, and conspiracy in the second degree. Defendant moved, *inter alia,* to inspect the Grand Jury minutes and dismiss the indictment because the evidence before the Grand Jury was not legally sufficient to establish the offenses charged or any lesser included offenses. The court granted the motion to the extent of dismissing the counts charging defendant with criminal sale and possession of a controlled substance in the first degree. The court also concluded that the lesser included charge of criminal facilitation in the second degree had been adequately presented to the Grand Jury and that defendant would be tried on this charge as well as the conspiracy count. At the conclusion of the People's case, the court dismissed the conspiracy count for lack of proof. The jury convicted defendant of criminal facilitation in the second degree. We reverse. Having decided that criminal facilitation in the second degree was a lesser included count of the sale and possession counts, the court erred in dismissing these counts prior to trial. Once the court made a finding that a lesser included offense was established it was obligated to allow the case to go to trial based upon the original indictment. The People, however, failed to appeal from this determination and so the matter proceeded to trial solely on the remaining charges. The conviction of criminal facilitation in the second degree must be reversed. Criminal facilitation in the second degree is not a lesser included offense of any offense charged in the indictment because circumstances could exist which would make it possible to commit the greater crimes without concomitantly committing the lesser offense by the same conduct (see *People v Glover,* 57 NY2d 61). Defendant was never indicted for the crime of criminal facilitation in the second degree, and the absence of this nonwaivable jurisdictional prerequisite to the criminal prosecution is fatal to

the judgment of conviction (see *People ex rel. Gray v Tekben,* 86 AD2d 176, affd 57 NY2d 651). Damiani, J. P., O'Connor, Thompson and Niehoff, JJ., concur.