(December 28, 1982)

■ The People of the State of New York, Respondent, v Raymond Ford, Appellant. — Judgment, Supreme Court, New York County (Torres, J.), rendered August 17, 1979, convicting defendant after bench trial of grand larceny, third degree, and sentencing him to five years' probation, reversed, on the law, and the indictment dismissed. Defendant proceeded to trial on an indictment charging robbery in the first and second degrees. The complainant, Iziah Alexander, testified that defendant approached him on the street, asking the location of a certain address. Alexander offered to escort defendant there, where they encountered another person, introduced by defendant as his "buddy". Suddenly, Buddy produced a gun, and defendant reached into Alexander's pocket, extracted his wallet, withdrew $145, returned the wallet, and fled with Buddy. Defendant's version of the events was similar; however, he denied the charge of armed robbery, instead admitting participation in a "handkerchief switch con game" whereby Alexander voluntarily gave up his cash as security for the simulated "bankroll" entrusted to him by defendant. The trial court erred in finding defendant guilty of grand larceny, third degree, as a lesser included offense of the robbery counts. Grand larceny, third degree, is defined as stealing property when it, "regardless of its nature and value, is taken from the person of another". (Penal Law, § 155.30, subd 5.) Since the robbery statutes (Penal Law, §§ 160.10, 160.15) do not require that the asportation be from the *person* of another, grand larceny, third degree, is not a lesser included offense of robbery. (*People v Addison*, 73 AD2d 790, 791.) "CPL 1.20 (subd 37) defines the term 'lesser included offense' as follows: 'When it is impossible to commit a particular crime without concomitantly committing, by the same conduct, another offense of lesser grade or degree, the latter is, with respect to the former, a "lesser included offense." ' The plain meaning of this statute is clear — that is, that one crime cannot be a lesser included offense of another if it is theoretically possible to commit the greater crime without concomitantly committing the lesser." (*People v Ramirez*, 55 NY2d 708, 710.) A defendant cannot waive his right to object to the submission of a lesser count when that lesser count is not a valid lesser *included* offense. We need pause only a moment to dispose of the argument that appellant's failure to object timely, pursuant to CPL 300.50 (subd 1),* constitutes a waiver of his right to object. "We construe the waiver provision contained in that section [CPL 300.50] to apply to the sentence which immediately precedes it and to refer only to error by the court in submitting a lesser included offense which is not supported by legally sufficient trial evidence. It does not apply to the improper submission of noninclusory offenses since subject matter jurisdiction of the court may not be waived by the accused (see *People v Nicometi*, 12 NY2d 428, 430-431; *People v Scott*, 3 NY2d 148, 153, *supra; People v Harper*, 37 NY2d 96, *supra*)." (*People ex rel. Gray v Tekben*, 86 AD2d 176, 179-180, affd 57 NY2d 651.) Grand larceny, third degree, was neither a lesser included count under this indictment nor was defendant charged in that indictment specifically with

---

* "CPL 300.50. Court's charge; submission of lesser included offenses. 1 * * * Any error respecting such submission, however, is waived by the defendant unless he objects thereto before the jury retires to deliberate." Of course, this section, if applicable here at all, also would apply to a bench trial. (CPL 320.20, subd 4.)

that crime. The nonwaivability of this defect is fatal to the judgment. (*People v Panuccio,* 90 AD2d 507.) Concur — Murphy, P. J., Sandler, Markewich and Milonas, JJ.

Kupferman, J., dissents in a memorandum as follows: There is no question that this defendant has been taking advantage of members of the public in one way or another over a long period of time, and the action of this court in dismissing this indictment, in view of the factual presentation to the Justice in this bench trial, cannot be substantiated. At the very most, the conviction should be reduced to petit larceny (Penal Law, § 155.25) as permitted by CPL 470.15 (subd 2, par [a]). Applying the two-pronged test (*People v Glover,* 57 NY2d 61, 64; *People v Green,* 56 NY2d 427, 431) is not necessarily the answer. Here, there was a bench trial, and there was no objection to the result until the time of sentence. Theoretically, the court was being more generous to the defendant. Under the circumstances, there could be considered a waiver. (See *People v Lewis,* 84 AD2d 715; *People v Reyes,* 79 AD2d 621.) Even in the case of *People v Addison* (73 AD2d 790, 791) the court stated, "[t]hus, grand larceny.in the third degree is *not necessarily* a lesser included offense of robbery in the first degree, and on the facts in this case, it is not such lesser included offense." (Italics added.) If this "not necessarily" is of significance, it takes on added significance in view of the determination of the Court of Appeals in *People v Butler* (57 NY2d 664, revg on dissenting mem of Justice Leonard H. Sandler 86 AD2d 811, 812.)