■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BODO FISCHER, Appellant. — Appeal by defendant from a judgment of the County Court, Westchester County (Delaney, J.), rendered March 29, 1982, convicting him of criminal facilitation in the second degree and two counts of criminal facilitation in the fourth degree, after a nonjury trial, and imposing sentence.

Judgment reversed, on the law, indictment dismissed, and this case is remitted to the County Court, Westchester County, for the purpose of entering an order in its discretion pursuant to CPL 160.50. Appellant, along with a codefendant, was indicted for criminal sale of a controlled substance in the first and third degrees and for criminal possession of a controlled substance in the first, third and seventh degrees. After a nonjury trial, appellant was found not guilty of the above-enumerated crimes, but was found guilty of criminal facilitation in the second and fourth degrees, as lesser included offenses. We reverse. Contrary to the conclusion of the County Court, neither criminal facilitation in the second nor fourth degree is a lesser included offense of the offenses charged in the indictment (see *People v Glover*, 57 NY2d 61). The appellant was never indicted for the crimes of criminal facilitation in the second and fourth degrees and "the absence of this nonwaivable jurisdictional prerequisite to the criminal prosecution is fatal to the judgment of conviction" (*People v Panuccio*, 90 AD2d 507, 508; see, also, *People ex rel. Gray v Tekben*, 86 AD2d 176, 179-180, affd 57 NY2d 651; *People v Ford*, 91 AD2d 589). Bracken, J. P., Brown, Rubin and Boyers, JJ., concur.