■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES WILLIAMS, Appellant. — Judgment, Supreme Court, New York County (Allen Murray Myers, J.), rendered November 12, 1981, which convicted defendant, following a jury trial, of the crime of assault in the third degree, and sentenced him to a term of imprisonment of one year, affirmed. In an indictment, filed April 18, 1980, defendant was charged with two counts of robbery in the second degree (Penal Law, § 160.10). At the request of defense trial counsel, the trial court instructed the jury that the crime of assault in the third degree was a lesser included offense of the crime of robbery in the second degree. Commendably, the People concede that the trial court erred in its instruction since "assault in the third degree is not a 'lesser included offense' of * * * robbery [in the second degree]" (*People v Miguel,* 53 NY2d 920, 923). It is stated in CPL 300.50 (subd 1), in pertinent part, that: "If there is no reasonable view of the evidence which would support a finding [of a lesser included offense], the court may not submit such lesser offense. Any error respecting such submission, however, is waived by the defendant unless he objects thereto before the jury retires to deliberate". We held in *People v Ford* (91 AD2d 589, application for lv to app granted 58 NY2d 978) that "[a] defendant cannot waive his right to object to the submission of a lesser count when that lesser count is not a valid *lesser included* offense". However, our ruling in *People v Ford* is inapplicable herein. This defendant expressly requested the instruction; while in *People v Ford* the defendant passively did not object. We find this difference in the actions of these two defendants to the instruction to be significant, in determining if there was a binding waiver of error. When "the error in the charge was * * * committed at the request of defendant, he [defendant] certainly should not be permitted to complain" (*People v Hille,* 42 AD2d 881, 882). Therefore, upon the instant facts, we find a binding waiver. Sandler, J. P., and Silverman, J., concur, each in a separate memorandum; Sullivan and Ross, JJ., concur in the

memorandum for the list; Milonas, J., concurs in the memorandum for the list, and in each of the separate concurring memoranda, as follows:

Sandler, J. (concurring). The critical issue on this appeal arises not from this court's previous decision in *People v Ford* (91 AD2d 589), but rather from the decision of the Court of Appeals in *People ex rel. Gray v Tekben* (57 NY2d 651, affg 86 AD2d 176), which this court found controlling in *Ford*. In *People ex rel. Gray v Tekben* (*supra*), a habeas corpus proceeding, the Appellate Division, Second Department, held that an indictment confers on a criminal court subject matter jurisdiction only with regard to the crimes charged or lesser included offenses, and that it was a nonwaivable jurisdictional defect to convict a defendant of a crime not charged in the indictment and not a lesser included offense. Accordingly, the Appellate Division sustained the writ of habeas corpus to the extent of vacating petitioner's conviction on the assault in the third degree charge that was found not to have been a lesser included offense of any crime charged in the indictment. The Court of Appeals affirmed, agreeing that the assault in the third degree charge was in fact not a lesser included count of any crime charged in the indictment, and went on to say (at p 653): "Petitioner's detention is premised on an invalid verdict and is, therefore, unlawful." If the criminal court lacks subject matter jurisdiction with regard to an offense not charged in an indictment, and not a lesser included offense of a charged crime, a disturbing conceptual problem is clearly raised as to whether such a jurisdictional defect may be deemed cured because the invalid count was submitted at the request of the defendant. On the other hand, it is difficult to accept the notion that a verdict must be set aside which was rendered on a count submitted at the specific request of the defendant, with an obvious view of securing a trial advantage that was in fact secured. Recognizing that there is no obvious answer to the conceptual problem presented, I agree with the court that the common sense of the situation mandates affirmance. (Cf. *People v Foster,* 19 NY2d 150; *People v Griffin,* 7 NY2d 511.)

Silverman, J. (concurring). I agree with the court's memorandum. I add the following comment: Five months before this case was submitted to the jury, the Court of Appeals had held that assault in the third degree was not a lesser included offense under robbery in the second degree. (*People v Miguel,* 53 NY2d 920.) Yet defendant's attorney requested that assault in the third degree be submitted to the jury as a lesser included offense, and the court did so submit it. The obvious reason for defendant's request was that he did not wish to confront the jury with a choice between a conviction of the felony of robbery in the second degree and acquittal; doubtless he wanted to reduce the risk of the jury choosing to convict of a felony rather than to acquit the defendant of all charges. Therefore, the defendant requested the court to present to the jury a more palatable alternative, the intermediate possibility of a conviction of assault in the third degree, a misdemeanor. The attorney's strategy was successful. The jury convicted the defendant of assault in the third degree (thus presumably acquitting him of the felony [CPL 300.50, subd 4]). Now the defendant argues that the jury (and the court) was in essence misled — misled by defendant's attorney; that although at the defendant's request, the jury was told that it had a choice among conviction of robbery in the second degree, conviction of assault in the third degree, and acquittal of all charges, in truth it really only had a choice of robbery in the second degree and acquittal, and that thus its failure to convict the defendant of robbery in the second degree requires that the indictment be dismissed; in essence that the defendant is to be rewarded because his attorney — even unwittingly — misled the jury and the court, and that he should now retroactively receive the benefit of the correct rule while keeping the benefit that he had obtained in the trial court by

getting the court to apply the opposite incorrect rule. Under the standards governing criminal advocacy, appellate counsel is quite justified in making this argument. But as the defendant had a fair trial on charges of which he had full notice, and before a court which had jurisdiction (cf. *People v Darling,* 50 AD2d 1038), I see no reason in sense or justice why this court should declare the effectiveness in the criminal law of a tactic which in any other area of the law could fairly be characterized as at best inequitable and misleading.