OPINION OF THE COURT
Seymour Rotker, J.
The defendant has moved for an order setting aside a jury verdict of guilty on four counts of criminal facilitation in the fourth degree upon the reason that grounds appear in the trial record which, raised upon an appeal from the prospective judgment of conviction, would require a reversal of the judgment as a matter of law by an appellate court (CPL 330.30, subd 1).
The indictment charged defendant with three counts of grand larceny in the second degree, three counts of attempted grand larceny in the second degree, three counts of insurance fraud in the first degree and three counts of attempted insurance fraud in the first degree. The six counts of the indictment relating to insurance fraud were dismissed by the court on September 27,1982, upon motion of the defendant and with the consent of the District Attorney. A jury trial was commenced by this court on July 18, 1983 as to the remaining counts of the indictment. At the conclusion of the entire case, counsel for the defendant requested that the court charge the jury with criminal facilitation in the fourth degree as a lesser included offense *819 of the grand larceny and attempted grand larceny counts submitted to the jury. The court consented to give the lesser charge and did so with the consent of the District Attorney. The defendant was ultimately found guilty of four counts of criminal facilitation, relating to events transpiring on April 11,1983. He was acquitted of all other charges.
Counsel for defendant now asserts that criminal facilitation is not a lesser included offense of grand larceny in the second degree and that, notwithstanding his failure to object to the charge, it is a nonwaivable jurisdictional prerequisite that such a charge submitted to a jury actually be a lesser included offense. The District Attorney has argued that the defendant waived objection to the court’s charge by specifically requesting the jury charge in question. Moreover, the People have asserted that criminal facilitation is a lesser included offense of grand larceny where the defendant is charged with acting in concert with another.
The ultimate issue for consideration in this matter is whether criminal facilitation in the fourth degree is a lesser included offense of grand larceny in the second degree where the defendant is charged with acting in concert with another. The recent decision in People v Glover (57 NY2d 61) has set forth an exacting standard for the submission of a lesser included offense and casts doubt upon the viability of many long-thought lesser criminal offenses. The court in Glover set forth a two-prong test for the submission of a lesser included offense. First, it must be demonstrated that in theory and not just by an examination of the criminal transaction at bar, it is impossible to commit the greater crime without also committing the lesser offense. This requires comparative examination of the statutory language of the two offenses. Secondly, the defendant must show that there is a reasonable view of the evidence that would support a finding that he committed the lesser offense, but not the greater offense charged. Utilizing this analysis, the Glover court held that criminal facilitation in the second degree was not a lesser included offense of criminal sale of a controlled substance in the first degree in that the first prong of the test was not met. The *820 court held that it was theoretically possible for a defendant to sell a drug illegally without aiding anyone else in the commission of a class A felony. In the instant case, the situation is somewhat different from Glover in that the defendant is charged with acting in concert with another.
A comparative examination of the statutes at bar reveals the following: Grand larceny in the second degree requires that one steals property and when the value of the property exceeds $1,500. This crime requires an intent to deprive another of property and appropriate same to himself or a third party. Under the circumstances of this case, the larceny was to have been committed by false pretenses. The defendant was charged with acting, in concert with another to commit the crime of grand larceny in the second degree. In this case accessorial liability was predicated upon a finding that defendant intentionally aided the codefendant to engage in conduct constituting grand larceny. The necessary element of the acting in concert theory is that the defendant act with the mental culpability necessary for the commission of the offense. Criminal facilitation requires that the person engage in conduct which provides another person with the means or opportunity for the commission of a crime and which, in fact aids such person to commit a felony. The actor must believe it probable that he is rendering aid in the commission of such crime. A comparative analysis of these statutes reveals that it is impossible to commit the crime of grand larceny in the second degree (acting in concert) with another without committing the crime of criminal facilitation in the fourth degree. Both crimes require that the defendant engage in conduct which aids another to commit a crime. A distinguishing factor of the greater charge is that the defendant must have the necessary intent to commit the larceny, while in criminal facilitation, the defendant need only have the intent to aid another in the commission of a crime. As the elements of the two crimes are substantially the same, the court finds that the first prong of the Glover test has been met. There is no doubt that under the facts of this case there was a reasonable view of the evidence which would support the finding that he committed the lesser offense and not the greater offense. Accordingly, the court *821 finds that criminal facilitation in the fourth degree is a lesser included offense of grand larceny in the second degree (acting in concert).
Alternatively, even assuming that criminal facilitation in the fourth degree is not a lesser included offense of grand larceny in the second degree, the court finds that a valid waiver of any jurisdictional defect in the submission of this charge was effectuated by the defendant’s specific request for the lesser charge. CPL 300.50 (subd 1) provides in part: “If there is no reasonable view of the evidence which would support * * * a finding [of a lesser included offense], the court may not submit such lesser offense. Any error respecting such submission, however, is waived by the defendant unless he objects thereto before the jury”.
In People ex rel. Gray v Tekben (57 NY2d 651), the defendant had been charged with assault in the second degree. After both sides had rested in a nonjury trial, the court announced its intention of considering the crime of assault in the third degree as a lesser included offense. The defendant did not object to this charge and the court subsequently rendered a verdict of acquittal as to the charge of assault in the second degree and not responsible for the crime of assault in the third degree by reason of mental disease or defect. An unsuccessful motion to set aside the verdict was made upon grounds that assault in the third degree was not a lesser included offense of assault in the second degree (with intent to prevent a police officer from performing a lawful duty) as the two crimes differed in the requisite mental state required. The defendant was subsequently confined to the Mid-Hudson Psychiatric Center. A habeas corpus proceeding was instituted alleging that defendant’s detention was illegal for the reasons previously stated. The Appellate Division, Second Department, concluded that assault in the third degree was not a lesser included offense of assault in the second degree and that the trial court was without jurisdiction to render a verdict on assault in the third degree. It was held that the improper submission of a noninclusory offense deprived the court of subject matter jurisdiction which could not be waived by the accused’s failure to object. The Court of Appeals affirmed this determination holding that “[p]eti *822 tioner’s detention is premised on an invalid verdict and is, therefore, unlawful” (People ex rel. Gray v Tekben, supra, p 653; see, also, People v Ford, 91 AD2d 589).
The distinguishing feature of this case is that defense counsel requested the court to charge the jury with criminal facilitation in the fourth degree as a lesser included offense of grand larceny in the second degree. This is in contrast to counsel’s passive role in failing to object to the charge in both the Tekben and Ford cases (supra). In People v Williams (95 AD2d 726), defendant was charged with two counts of robbery in the second degree. Defense counsel requested a charge of assault in the third degree as a lesser included offense. The court submitted this charge to the jury and defendant was convicted of that charge. Notwithstanding the fact that assault in the third degree is not a lesser included offense of robbery in the second degree (People v Miguel, 53 NY2d 920), and the jurisdictional issue was therefore present (People ex rel. Gray v Tekben, supra), the court affirmed the conviction.
The court held that: “This defendant expressly requested the instruction; while in People v Ford the defendant passively did not object. We find this difference in the actions of these two defendants to the instruction to be significant, in determining if there was a binding waiver of error. When ‘the error in the charge was * * * committed at the request of defendant, he [defendant] certainly should not be permitted to complain’ (People v Hille, 42 AD2d 881, 882). Therefore, upon the instant facts, we find a binding waiver.” (People v Williams, supra, p 726.)
The concurring opinion of Justice Sandler also indicated that “it is difficult to accept the notion that a verdict must be set aside which was rendered on a count submitted at the specific request of the defendant, with an obvious view of securing a trial advantage that was in fact secured.” (People v Williams, supra, p 727.) Justice Silver-man, also in a concurring opinion, held that: “The obvious reason for defendant’s request was that he did not wish to confront the jury with a choice, between a conviction of* * * robbery in the second degree and acquittal; doubtless he wanted to reduce the risk of the jury choosing to convict [him] of a felony rather than to acquit the defendant of all *823 charges. Therefore, the defendant requested the court to present to the jury a more palatable alternative, the intermediate possibility of a conviction of assault in the third degree, a misdemeanor. The attorney’s strategy was successful.” (People v Williams, supra, p 727.)
The court finds this reasoning persuasive and consistent with the facts of this case. Counsel for the defendant requested the lesser charge as part of a good-faith trial strategem which ultimately succeeded. Under these circumstances, a valid waiver was effectuated.
The court has reviewed the case of People v Davis (96 AD2d 748) where in a similar factual situation, the court held that the defendant’s request for the lesser included offense in no way cured the jurisdictional defect of conviction upon an invalid lesser included offense. For the reasons already indicated, the court declines to follow the rationale of that case.
Accordingly, the motion to set aside the verdict is denied in all respects.