■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIE PARKS, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Sherman, J.), rendered November 14, 1979, convicting her of criminal facilitation in the first degree, after a nonjury trial, and imposing sentence. Judgment reversed, on the law, indictment dismissed and case remitted to the Supreme Court, Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50. Defendant was indicted for two counts of criminal sale of a controlled substance in the first degree. Prior to summation at the nonjury trial, defense counsel asked the court whether it was going to consider any lesser included offenses. The court indicated that it would address the offense of criminal facilitation since there was a "close question" involved. Defendant was thereafter acquitted of the two criminal sale counts but convicted of criminal facilitation in the first degree. We reverse. Criminal facilitation in the first degree is not a lesser included offense of criminal sale of a controlled substance in the first degree, the crime for which defendant was indicted (*People v Luther*, 61 NY2d 724; *People v Glover*, 57 NY2d 61; *People v Panuccio*, 90 AD2d 507). Accordingly, the trial court erred in considering criminal facilitation. Moreover, defendant's failure to object to the consideration of a lesser count when that count is not a valid lesser included offense, did not constitute a waiver of this jurisdictional defect (*People ex rel. Gray v Tekben*, 86 AD2d 176, affd 57 NY2d 651; *People v Panuccio, supra; People v Fischer*, 94 AD2d 706). Titone, J. P., Gibbons, Thompson and Boyers, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD ROBERTS, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Hellenbrand, J.), rendered March 7, 1980, convicting him of robbery in the first degree, upon a plea of guilty, and imposing sentence. Judgment affirmed. We have reviewed the record and agree with defendant's assigned counsel that there are no meritorious grounds that could be raised upon this appeal. Counsel's motion to be relieved as counsel is granted. (See *Anders v California*, 386 US 738; *People v Paige*, 54 AD2d 631; cf. *People v Gonzalez*, 47 NY2d 606.) Mollen, P. J., Lazer, Mangano and Brown, JJ., concur.