■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROY JOHNSON, Appellant. — Judgment rendered April 8, 1981 in Supreme Court, New York County (Peggy Bernheim, J., at jury trial and sentence) convicting defendant of burglary in the third degree and two counts of criminal trespass in the second degree, modified, on the law, to the extent of reversing the convictions for criminal trespass and dismissing counts two and three in the indictment, and the judgment appealed from is otherwise affirmed. ¶ Defendant was indicted for three counts of burglary and one count of attempted assault in the second degree. Upon the close of the People's case defense counsel moved for a trial order of dismissal. The court denied the motions as to the first burglary count and the attempted assault charge, but granted the motion as to the other two burglary counts "only to the extent that the court will charge the lesser included offense as to those counts of criminal trespass in the second degree." No objection was made to this ruling and defendant was found guilty of both reduced counts as well as the top count of burglary in the third degree. ¶ The People concede that criminal trespass in the second degree is not a lesser included offense of the burglary charge, in that it is possible to commit the latter crime without also committing the former. (*People v Glover,* 57 NY2d 61.) Accordingly, the court was without subject matter jurisdiction to convict defendant of criminal trespass and the verdict is invalid as unlawful (*People ex rel. Gray v Tekben,* 57 NY2d 651, 653, affg 86 AD2d 176). ¶ It is urged, however, that defendant waived this defect by failing to object to the charge before the jury retired to deliberate (CPL 300.50, subd 1). We have recently rejected this argument, finding that " 'subject matter jurisdiction of the court may not be waived by the accused [citations omitted].' " (*People v Ford,* 91 AD2d 589, quoting from *People ex rel. Gray v Tekben,* 86 AD2d, at pp 179-180; see, also, *People v Panuccio,* 90 AD2d 507.) We decline the invitation to reconsider our decision in *People v Ford* (*supra*), but note that while the Court of Appeals affirmed *People ex rel. Gray* (*supra*), the *Ford* decision is presently on appeal to the Court of Appeals. (See, also, *People v Williams,* 95 AD2d 726, application for lv to app granted 60 NY2d 595 [Meyer, J.]; *People v Fischer,* 94 AD2d 706; *People v Trisano,* 92 AD2d 850.) In any event, we note that our action today does not affect the sentence defendant received for his conviction upon the first (burglary) count, a 3- to 6-year term imposed concurrent to the two one-year sentences pronounced upon the criminal trespass conviction. Concur — Murphy, P. J., Carro, Silverman and Alexander, JJ.

Kupferman, J., concurs in a memorandum as follows: Inasmuch as there is no practical effect with respect to the sentence by virtue of the court's determination, I can concur even though I dissented in *People v Ford* (91 AD2d 589).