■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK BRODY, Appellant. — Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered January 13, 1983, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fourth degree.

On this appeal, defendant challenges the trial court's denial of his motion to suppress the controlled substances (LSD and marihuana) which were found at his apartment pursuant to a search warrant, and which formed the basis of the charges brought against him. Specifically, defendant contends that probable cause did not exist on which to base the issuance of the search warrant. A review of the record reveals that this contention lacks merit.

On August 6, 1982, Colonie Police Detective David McCall applied to a Colonie Town Justice for the search warrant in question. In his application, Detective McCall stated that three confidential informants had observed defendant in possession of quantities of LSD and marihuana. He further detailed that informant No. 1 had been with defendant when he had purchased over 2,000 "hits" of LSD. Informant No. 2 had recently purchased several pounds of marihuana from defendant and had observed defendant to be in possession of large quantities of LSD. Informant No. 3 was with defendant on August 6, 1982 at defendant's apartment at 1151 Troy-Schenectady Road in the Town of Colonie (the premises to be searched), and had there observed defendant to be in possession of 200 "hits" of LSD and over one-half pound of marihuana. Detective McCall also submitted a four-page affidavit from informant No. 1 in which the informant described accompanying defendant on trips to New Paltz and New York City, where defendant had purchased quantities of marihuana and LSD and had then brought them back to the Town of Colonie. Based on this information, the Colonie Town Justice issued the search warrant which led to the search of defendant's apartment and, ultimately to the conviction appealed from.

We cannot agree with defendant's contention that his conviction must be reversed because the search warrant was issued for less than probable cause, thereby violating the requirements of *Aguilar v Texas* (378 US 108) (see *People v Brown,* 95 AD2d 569, 572). We hold that the two-pronged test of *Aguilar* was satisfied here, i.e., (1) the veracity of the informants was established and

(2) there was a reliable factual basis for the informants' information and conclusions, that is, there was probable cause to believe that illegal substances would be found in defendant's apartment.

First, as to the reliability of the informants, informant No. 1 was the author of a signed statement, described above, on which was printed a warning that false statements could lead to prosecution for perjury. It has been held that such a statement, in this context, is the equivalent of an oath or affirmation (*People v Sullivan,* 56 NY2d 378, 383) and "may be relied upon by a magistrate when determining probable cause" (*id.,* at p 384).

Informant No. 2's veracity was also established in that his statement included the admission that he had recently purchased marihuana from defendant, thereby himself admitting to a crime. Such admissions of crime "carry their own indicia of credibility — sufficient at least to support a finding of probable cause to search" (*People v Wolzer,* 41 AD2d 679, 681; accord *People v Davis,* 93 AD2d 970, 971).

Informant No. 3's reliability was similarly established by his speaking against his penal interests. The record discloses that he had agreed to provide the information needed for the search warrant pertaining to defendant's apartment in exchange for leniency in police prosecution of other charges pending against him, thereby admitting his guilt of those other charges. Further, the statements of the three informants confirmed and verified each other by their reiteration of defendant's extensive involvement with illegal drugs (see *People v Wheatman,* 29 NY2d 337, 345, cert den *sub nom. Marcus v New York,* 409 US 1027; *People v Duncan,* 57 AD2d 638, 639).

The second prong of the *Aguilar* test, i.e., the reliability of the information, was also established. Each informant described his own firsthand observation of defendant in possession of illegal drugs. Accordingly, the magistrate had before him not mere rumors, but eyewitness accounts to confirm that illegal drugs would be present at defendant's apartment. This was sufficient to establish the reliability of the allegations and to furnish probable cause on which to issue the search warrant (*People v Brown,* 40 NY2d 183, 186; *People v Bowers,* 92 AD2d 669, 670). We conclude that the search warrant was properly issued and that the evidence seized as a result thereof was correctly ruled admissible.

Defendant's second contention is that his sentence of 4 to 12 years was harsh and excessive. We cannot agree. At the time defendant was arrested for the instant crime, he was serving a

term of five years' probation following his adjudication as a youthful offender upon his guilty plea to a charge of third degree burglary. It is apparent from the record presented here that further leniency would be wasted on defendant and that the term of incarceration imposed by the sentencing court was appropriate.

Judgment affirmed. Kane, J. P., Main, Casey and Weiss, JJ., concur.