■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANTONIO STREETER and GILBERT STREETER, Respondents.—Appeal by the People from an order of the Supreme Court, Queens County (Farlo, J.), dated June 20, 1983, which granted defendants' motion pursuant to CPL 330.30 to set aside jury verdicts finding them guilty of criminal facilitation in the fourth degree, and to dismiss the indictment on the ground that the crime of criminal facilitation in the fourth degree was not a lesser included offense of the crime of criminal sale of a controlled substance in the third degree with which defendants were charged in the indictment and of which they were acquitted.

Order reversed, on the law, motion denied, verdicts reinstated, and matter remitted to the Supreme Court, Queens County, for further proceedings.

Defendants were indicted for the crime of criminal sale of a controlled substance in the third degree (Penal Law § 220.39), committed on or about October 19, 1982, by each aiding the other and acting in concert with another person, in the knowing and unlawful sale of cocaine to a fourth person.

During a precharge conference at the close of trial, counsel for defendant Antonio Streeter requested that the court charge the crime of criminal facilitation in the fourth degree (Penal Law § 115.00) on the ground that under the evidence presented in the case the jury could believe that defendant had assisted an accomplice in making the sale. Defendant Gilbert Streeter's attorney joined in the request, and without objection from the prosecutor, the court granted the application.

The jury found the defendants not guilty of criminal sale of a controlled substance but guilty of criminal facilitation. Thereafter defendants moved under CPL 330.30 to set aside the verdict on the ground, *inter alia,* that criminal facilitation in the fourth degree was not a lesser included offense of the

crime of criminal sale of a controlled substance in the third degree. The trial court agreed and granted the motion, stating that since defendants were not charged in the indictment with criminal facilitation, the defect was jurisdictional and non-waivable under *People v Ford* (91 AD2d 589) and other cases.

Following the trial court's decision and order, the Court of Appeals reversed the order of the Appellate Division, First Department, in *People v Ford* (62 NY2d 275, 280), stating that a defendant "by * * * acquiescing in, or * * * affirmatively requesting, the lesser charge" thereby waives his right to thereafter "complain of the trial court's error".

It is settled law that an appellate court generally applies the law as it exists at the time of appeal and not as it existed at the time of the original determination (*see, Post v 120 E. End Ave. Corp.,* 62 NY2d 19, 28-29; *People v Loria,* 10 NY2d 368, 370). Accordingly, under *People v Ford* (*supra*), the order appealed from must be reversed.

As to defendant Antonio Streeter's remaining contentions concerning the sufficiency of the proof and an alleged error in the court's denial of a request to charge, we note that under CPL 470.15 (1), this court's power to review is limited to "any question of law or issue of fact involving error or defect in the criminal court proceedings which may have adversely affected the appellant". Consideration of these arguments will have to await defendants' possible future appeal from a judgment of conviction after sentencing (*People v Goodfriend,* 64 NY2d 695, 698). Lazer, J. P., Gibbons, Thompson and Kunzeman, JJ., concur.