OPINION OF THE COURT
Jeffry H. Gallet, J.
This proceeding was instituted by a petition in which the respondent was charged with acts which, if done by an adult, would constitute, inter alla, the crime of assault in the second degree, a violation of section 120.05 of the Penal Law.
The respondent moved to dismiss the charge of assault in the second degree. In her answering affirmation to the motion, Assistant Corporation Counsel Barbara Leff argued that the charge of assault in the second degree should not be dismissed because the alleged assault was committed in the furtherance of an attempted robbery saying: “[u]nder subsection (6) of P.L. 120.05 where an assault is committed in the course of and in furtherance of the commission or attempted commission of a felony and physical injury results, the requirements of the assault 2° statute are satisfied.”
*393 The motion was denied and the matter proceeded to trial. After the completion of the prosecutor’s case, the charges of attempted robbery and attempted grand larceny were dismissed for failure to prove a prima facie case. Respondent then moved to dismiss the assault charge, arguing that, although the prosecutor may have proved a prima facie case of second degree assault under subdivision 2 of section 120.05 of the Penal Law, it was precluded by the Leff affirmation from proving any assault other than one in the course of and in furtherance of a felony.
The issue before the court is whether the charge of assault in the second degree should be dismissed for failure to prove a prima facie case under subdivision 6 of section 120.05, although a prima facie case was proved under subdivision 2 of section 120.05.
This problem would have been neither as troublesome nor as complex had the reference to subdivision 6 of section 120.05 of the Penal Law occurred in a reply to a request for a bill of particulars rather than in the prosecutor’s answering affirmation. Where a response is made to a request for a bill of particulars, the law is well established and exceedingly clear.
The function of a bill of particulars is to enable the accused to prepare for trial and to prevent unfair surprise, and to this end the prosecutor is strictly limited to proving what it has set forth. (United States v Glaze, 313 F2d 757; United States v Murray, 297 F2d 812, cert den 369 US 828; People v Davis, 41 NY2d 678.)
It is the opinion of this court that the policy considerations behind confining the prosecutor to the particulars supplied are equally present when the responsive papers are not a bill of particulars but rather a statement under oath in response to a pretrial motion. Further, both the court and the respondent may rely on such a response, not only as an argument on a motion, but also as a truthful statement of the prosecutor’s position.
The purpose of pretrial proceedings is to give the respondent a fair trial and the opportunity to adequately prepare a defense. In that respect, the respondent should be able to feel secure that the statements received from the prosecution can be relied upon. To hold otherwise would violate all *394 notions of fair play and substantial justice. Although there appears to be no case directly on point, the decisions in People v Utley (77 Misc 2d 86) and People v MacAfee (76 AD2d 157) adumbrate a trend to holding prosecutor’s statements under oath as equivalent to statements in a bill of particulars.
In addition, on the same day that respondent served his motion to dismiss, he also served a request for a bill of particulars which asked for specific information about the alleged assault. In response, the prosecution took the position that all necessary information was contained in paragraph 5 of the petition. Paragraph 5, in relevant part, states: “Respondent acting in concert with fifteen others, not apprehended, did attempt to forcibly steal property from the person of the petitioner, to wit: his money and yellow gold jewelry, and when complainant refused to hand over his property, respondent’s [sic] with intent to cause physical injury to petitioner did cause such injury by beating petitioner in the head with bottles, stick [sic], and a garbage can cover, causing lacerations to petitioner’s head, necessitated [sic] eight stiches [sic] at Máry Immaculate Hospital.”
There is nothing in either the bill of particulars or the petition to lead respondent to believe that the prosecution intended to prove anything other than what was stated in the Leff affirmation. To the contrary, both the petition and the bill of particulars would lead a reasonable person to credit Ms. Leff’s statement.
For all of those reasons, the count charging assault under section 120.05 of the Penal Law is dismissed.
This matter remains on the calendar for August 23,1983 in Part V, for the completion of the trial.