■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY HEMINGWAY, Appellant.—Mikoll, J.

At approximately 7:20 P.M. on August 11, 1989 Timothy Murphy, a detective with the City of Albany Police Department, was advised by an anonymous telephone caller that two black males in dark clothing, one of whom was wearing a green hat, were conducting a drug transaction in a vacant lot near 294 Orange Street in Albany. Moments later, he received a second phone call questioning whether the police were going to respond. Murphy, Detective John Burke and other officers went to the scene where Burke saw defendant and another male, a juvenile, looking into and shaking a potato chip bag. As Burke approached them, defendant folded up the bag and handed it to the juvenile, who placed the bag in an abandoned car nearby.

The police recovered the potato chip bag which contained 38 bags of a white powdery substance, later identified through laboratory analysis as cocaine weighing in the aggregate 4.42 grams. Defendant was arrested at the scene and later indicted for criminal possession of a controlled substance in the fourth degree. After a jury trial, defendant was convicted as charged and sentenced to a prison term of 5 to 15 years. This appeal ensued.

Defendant alleges that County Court committed reversible error in allowing the People to cross-examine him on a pending indictment. After a *Sandoval* hearing and before trial County Court, relying on *People v Betts* (70 NY2d 289), ruled that defendant could not be questioned regarding an indictment in which he was charged with conspiracy to commit criminal sale of a controlled substance in the third degree. It was alleged in the pending indictment that on March 9, 1989, defendant brought a confidential informant to 334 Clinton Avenue in Albany to purchase cocaine and that defendant received payment as a result thereof. County Court found the pending charges to be unrelated to the matter on which defendant was being tried.

Relying on County Court's ruling, defendant took the stand during the trial and in response to the People's question, "Do you sell drugs?", he replied, "No, I don't." The People, at this juncture, again requested permission to question defendant regarding the pending indictment, contending that defendant introduced distortion into the record which should allow the People to impeach defendant's credibility by use of the pending indictment. The People further contended that the circum-

stances fell outside the *Betts* ruling because the conspiracy charge was related to the criminal possession charge. County Court ultimately ruled that defendant could be cross-examined on the pending conspiracy charge and, further, that if defendant attempted to invoke the 5th Amendment, it would disallow defendant's assertion and compel him to answer.

We disagree with County Court's ruling. Although both transactions involved drugs, this similarity alone was an insufficient basis on which to find that the charges were related. Defendant's mere denial that he sold drugs did not introduce affirmative false testimony inconsistent with the facts of the crime for which he was on trial *(see, e.g., People v Alvino,* 71 NY2d 233, 246-247). Nor was the inquiry into the underlying facts of the pending conspiracy indictment permissible pursuant to *People v Molineux* (168 NY 264). The disputed questioning was not relevant to any element in the case except defendant's credibility. The People's claim that defendant waived any objection to County Court's ruling allowing cross-examination on the charge by failing to object is rejected. The record demonstrates that defense counsel allowed defendant to take the stand and testify based on County Court's prior *Sandoval* ruling prohibiting cross-examination on the pending indictment and permitting defendant to exercise his 5th Amendment privilege. Accordingly, this issue has been preserved for our review *(see, People v Bennett,* 169 AD2d 369, 372-373, *lv granted* 78 NY2d 1016).

Defendant also contends that County Court's charge on accessorial conduct constituted reversible error because the People's response to defendant's demand for a bill of particulars did not give notice that he was being prosecuted as an accessory *(see,* CPL 200.95 [1] [a]; *see also, People v Colon,* 139 Misc 2d 1053, 1058-1059). We agree. The People stated in their bill of particulars that the cocaine was found in a potato chip bag that defendant and another person had been holding, that defendant was observed "with his band *[sic]* in the bag", that he gave the bag to the other person who took it and hid it in the wheel of a vacant car, and that defendant had constructive as well as actual possession of the cocaine. The People did not, however, introduce evidence or even argue that defendant acted as an accessory. The accessorial charge to the jury was surprising to the defense and allowed the jury to find defendant guilty on a theory which had no basis in the evidence. The error is not harmless as the jury may have based its finding of guilt on the criminal conduct of the other person.

Defendant further claims that the verdict was not supported

by legally sufficient evidence and that it was against the weight of the evidence; we disagree. In view of the disposition we have made, we find it unnecessary to reach defendant's other arguments for reversal.

Yesawich Jr., Levine, Crew III and Casey, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Albany County for a new trial.