■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LON COLDIRON, Appellant. [861 NYS2d 913]—

Appeal from a judgment of the Erie County Court (Timothy J. Drury, J.), rendered November 28, 2006. The judgment convicted defendant, upon a jury verdict, of attempted grand larceny in the second degree and attempted grand larceny in the third degree (two counts).

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law and a new trial is granted on the first, third, fourth and fifth counts of the indictment.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of one count of attempted grand larceny in the second degree (Penal Law §§ 110.00, 155.40 [1]) and two counts of attempted grand larceny in the third degree (§§ 110.00, 155.35). The conviction arises from defendant's efforts to obtain the proceeds of insurance policies covering business property and personal property after the building in which defendant's business and apartment were located was destroyed by fire. De-

fendant was also charged with, inter alia, arson in the third degree (§ 150.10 [1]) for allegedly starting the fire, but the jury was unable to reach a verdict on that count. We note at the outset that, contrary to defendant's contentions, the evidence is legally sufficient to support the conviction and the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). In addition, we reject the contention of defendant that County Court erred in denying that part of his motion seeking a trial order of dismissal with respect to the first count, arson in the third degree, because the People presented legally sufficient evidence with respect to that count (*see generally People v Wilson*, 167 AD2d 946 [1990], *lv denied* 77 NY2d 845 [1991]).

We further conclude, however, that reversal is required. During its deliberations, the jury sent a note asking the court, "If we believe that the defendant was involved in the arson third degree, whereby he had intended to have the building damaged and the building did indeed sustain damage but the defendant himself did not set the fire, does that fall under the definition of arson in the third?" We agree with defendant that the court erred in charging the jury with respect to accessorial liability in responding to the note (*see* CJI2d[NY] Accessorial Liability). There is no view of the evidence supporting such a charge (*see People v Nevins*, 16 AD3d 1046, 1047 [2005], *lv denied* 4 NY3d 889 [2005], *cert denied* 548 US 911 [2006]), and the People expressly disclaimed any reliance on a theory of accessorial liability (*see People v Hemingway*, 179 AD2d 898, 900 [1992]; *see generally People v Barnes*, 50 NY2d 375, 379 n 3 [1980]). Thus, "[t]he accessorial [liability] charge to the jury was surprising to the defense and allowed the jury to find defendant guilty on a theory [that] had no basis in the evidence" (*Hemingway*, 179 AD2d at 900; *see also People v Ortiz*, 207 AD2d 279, 280 [1994], *lv denied* 84 NY2d 909 [1994]). The court's error was compounded by the jury's possession of a printed copy of the CJI charge on accessorial liability obtained by one of the jurors from the Internet without the knowledge or consent of the court or the parties. The jury also had in its possession notes, examples and footnotes with respect to the charge. Even assuming, arguendo, that the accessorial liability charge was properly given, we would nevertheless conclude that the jury's possession of that written material warrants reversal under the circumstances of this case (*see generally People v Owens*, 69 NY2d 585, 590 [1987]; *People v Coleman*, 210 AD2d 977 [1994]).

In view of our decision, we do not address defendant's remaining contentions. Present—Martoche, J.P., Smith, Centra, Peradotto and Green, JJ.