THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EZETTE EDOUARD, Appellant. [952 NYS2d 460]—

The defendant's contention that the evidence of identification was legally insufficient to support her conviction is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish beyond a reasonable doubt the defendant's identity as the perpetrator of the crime of which she was convicted. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348-349 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record, we are satisfied that the jury's verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that the trial court erred in issuing an acting-in-concert charge to the jury is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, although the charge was unwarranted (*see People v Coldiron*, 53 AD3d 1140, 1141 [2008]), the error was harmless, as there was overwhelming evidence of the defendant's guilt and no significant probability that the error contributed to her conviction (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]). Rivera, J.P., Chambers, Hall and Roman, JJ., concur.